**PERMIAN CORPORATION, Appellant,**

v.

**UNION TEXAS PETROLEUM CORPORATION, Appellee.**

**No. 08–88–00353–CV.**

Court of Appeals of Texas, El Paso.

May 10, 1989.

Rick D. Davis, Jr., Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from the granting of summary judgment to Appellee and denial of summary judgment to Appellant. We affirm.

An employee of a subsidiary corporation of the Appellant sued Appellee for negligently causing him injuries in a construction accident which occurred on the premises controlled by Appellee while the employee was performing services for the Appellee. Appellee joined Appellant as third-party defendant under an indemnity agreement. The pertinent part of the agreement provided:

> Contractor [Appellant] hereby indemnifies and agrees to protect, hold and save Union Texas [Appellee] ... harmless from and against all claims, ... including but not limited to injuries to employees of Contractor, ... on account of, arising from or resulting, directly or indirectly, from the work and/or services performed by Contractor ... *and whether the same is caused or contributed to by the negligence of Union Texas, its agent or employees.* [Emphasis added].

■ Parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms which must be specifically stated within the four corners of the contract. This is known as the "express negligence doctrine." *Ethyl Corporation v. Daniel Construction Company*, 725 S.W.2d 705 (Tex.1987). In that case, the court held that an indemnity against "any loss ... as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor, ..." did not meet the requirements of this doctrine.

In *Singleton v. Crown Central Petroleum Corporation*, 713 S.W.2d 115 (Tex. App.—Houston [1st Dist.] 1985), the court held a global and embellished indemnity clause that only expressly referred to the word negligence of the owner by "excepting only claims arising out of accidents resulting from the sole negligence of Owner" did not state with clarity the basis for indemnifying the owner for his acts of negligence and therefore failed the express negligence doctrine test.

In *B–F–W Construction Co., Inc. v. Garza*, 748 S.W.2d 611 (Tex.App.—Fort Worth 1988, no writ), a contract indemnifying all damages "(regardless of cause or of any concurrent or contributing fault or negligence of Contractor [indemnitee]) ..." and "regardless of cause or of any fault or negligence of Contractor [indemnitee]" was held to satisfy the doctrine's test.

In another indemnity contract, the indemnitee was indemnified "without limit and without regard to the cause or causes ... or the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive." The contract was between two parties, and the contracting entities were expressly referred to as "party" or "parties" throughout the instrument. This was held to sufficiently declare the intent of the parties and satisfy the doctrine. *Adams Resources Exploration Corporation v. Resource Drilling, Inc.*, 761 S.W.2d 63 (Tex.App.—Houston [14th Dist.] 1988).

In *Atlantic Richfield Company v. Petroleum Personnel, Inc.*, 768 S.W.2d 724 (1989), words indemnifying the indemnitee from damages arising from the work performed, "including but not limited to any negligent act or omission of (ARCO) [indemnitee] ..." did sufficiently define the parties intent. Express differentiation between "joint", "concurrent" or "comparative" degrees of negligence would be cumulative or superfluous to the comprehensive term "any negligent act."

■ Claims caused by the Appellee's sole, joint, concurrent or comparative negligence are necessarily and clearly included

in the terms that indemnify Appellee's for all claims caused or contributed to by its negligence. It meets the present requirements of the express negligence doctrine as it clearly reflects the intent of the parties.

Judgment of the trial court is affirmed.