**Guy SPARKMAN, Individually, and Guy Sparkman, as Successor Trustee, Appellant,**

v.

**Richard J. KIMMEY and Wife, Paula Kimmey, Appellees.**

**No. 12–97–00215–CV.**

Court of Appeals of Texas, Tyler.

April 30, 1998.

Rehearing Overruled May 29, 1998.

---

Guy Edwin Sparkman, Tyler, for appellant.

John F. Berry, Tyler, for appellees.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Appellant, Guy Sparkman ("Sparkman") appeals summary judgments taken against him by Appellees, Richard and Paula Kimmey ("the Kimmeys"). The issues before us are whether the trial judge had authority to grant the summary judgments, whether the trial court had subject matter jurisdiction over the controversy, and whether there was competent summary judgment evidence to support the judgments. We will affirm.

In the 1980's, Smith County instituted a foreclosure suit against Sparkman to recover taxes on a property located in Tyler. Terry Sparkman ("Terry"), Sparkman's son, purchased the real estate from the County and then sold it to the Kimmeys. Because of certain adverse actions taken by Sparkman, the Kimmeys filed a trespass to try title suit against him, in which they prevailed. We upheld the judgment on appeal. In the instant case Sparkman, individually and as trustee, filed suit against Terry and the Kimmeys for forcible entry and detainer, trespass, tortious slander of property and civil conspiracy. The Kimmeys counterclaimed for an injunction to enjoin Sparkman, individually and as trustee, from filing any other lawsuit against them with respect to the property in question. Terry failed to answer. Sparkman, individually, nonsuited the defendants, but continued with his suit as trustee. The trial court rendered summary judgment for the Kimmeys on the ground of

res judicata and issued an anti-suit injunction against Sparkman in all capacities.

■ Sparkman's first issue is whether the orders and judgments signed by the trial judge, Judge Pat McDowell, are void because he was never specially appointed to hear the case. Sparkman's only argument is that the duly elected judge of the lower court did not preside over the case, and that Judge McDowell had no authority or jurisdiction to hear the case. Regarding the assignment or appointment of visiting judges, the Texas Government Code states the following:

(a) A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.

(b) The presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request.

TEX. GOV'T CODE ANN. § 74.056 (Vernon 1993). In addition, the Government Code specifically provides that the presiding judge of the administrative judicial region in which *Smith County* is located may appoint a person to sit as a special or visiting judge to a Smith County Court at Law. TEX. GOV'T CODE ANN. § 25.2142(h) (Vernon Supp.1990). The transcript in this case contains an "Order of Assignment by the Presiding Judge" appointing Pat McDowell to the County Court at Law during the week when the Kimmeys' application for temporary injunction was heard. Consequently, Judge McDowell was lawfully authorized to handle any matters before him to their conclusion. Furthermore, we note that Sparkman did not object to Judge McDowell's hearing the case before judgment was rendered. He may not now complain on appeal. We overrule issue one.

■ Sparkman's second issue is whether the summary judgment on the Kimmeys' counterclaim is void because the County Court at Law lacked subject matter jurisdiction to issue the anti-suit injunction. Sparkman argues that the trial court did not have

jurisdiction over matters affecting title to real property and that the injunction was tantamount to awarding title and possession of the property to the Kimmeys. We disagree on both counts. The Government Code provides that a County Court at Law in Smith County has the jurisdiction provided by the constitution and by general law for district courts. TEX. GOV'T CODE ·ANN. § 25.2142(a) (Vernon Supp.1992). Its jurisdiction is not limited in subject matter except as follows:

A county court at law does not have jurisdiction of:

(1) capital felony cases or felonies of the first or second degree;

(2) suits on behalf of the state to recover penalties, forfeiture, or escheat;

(3) misdemeanors involving official misconduct; or

(4) contested elections.

TEX. GOV'T CODE ANN. § 25.2142(a–1) (Vernon Supp.1992). We do not agree with Sparkman that the anti-suit injunction had the effect of awarding title to the property to the Kimmeys. Title had already been litigated and did not require relitigation. But even if the injunction did, for all practical purposes, award title to the Kimmeys, the County Court at Law clearly had jurisdiction to do so.

■ Sparkman also maintains that an anti-suit injunction is not appropriate in this case, since there is no prior judgment affecting the title of Guy Sparkman as trustee. As we stated earlier, a judgment was taken in the trespass to try title case against Sparkman in his individual capacity. We disagree, however, that this precludes the issuance of an anti-suit injunction against Sparkman in his other capacities.

■ First, we note that the City of Tyler took a tax judgment against Sparkman as trustee. Sparkman never appealed this judgment. But when he filed his first forcible entry and detainer suit, he did so in his individual capacity. When Sparkman pled "not guilty" in the trespass to try title suit, he, in his individual capacity, admitted ownership or a possessory interest in the property. TEX.R.CIV.P. 790. Sparkman could have

and should have asserted that the outstanding title to the property was in himself as trustee, but failed to do so. In reviewing the history of the litigation, it is clear that Sparkman has appeared before the various courts individually when his cause of action should have been as successor trustee. That Sparkman failed to complain that he was sued in the wrong capacity estops him from now complaining that the trespass to try title judgment is not valid against him as successor trustee. In addition, a trespass to try title suit is proper if brought against a party in either an individual capacity or a representative capacity. *Lewis v. Brown,* 87 S.W. 704, 706, 39 Tex.Civ.App. 139 (Tex.Civ.App. 1905, writ dism'd or ref'd). Consequently, we hold that simply because the title judgment was not against Sparkman in his representative capacity, this did not constitute a bar to an anti-suit injunction against him in all capacities.

■ Sparkman further asserts that the anti-suit injunction is a violation of his constitutional right to petition the courts for redress of legitimate grievances. According to the Texas Supreme Court, an anti-suit injunction is appropriate in four instances: 1) to address a threat to the court's jurisdiction; 2) to prevent the evasion of important public policy; 3) to prevent a multiplicity of suits; or 4) to protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper,* 925 S.W.2d 649, 651 (Tex.1996). If, in fact, an anti-suit injunction is warranted, it "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson v. MBank, Houston, N.A.,* 808 F.2d 358, 360 (5th Cir.1986). In other words, it must be specific and limited, relating only to the same claims against the same defendants. *Id.*

■ Before filing the underlying suit, Sparkman had already filed or been a party to several cases affecting the title to the property or its use and enjoyment. Sparkman was originally a party to a tax suit where judgment was taken against him, which he did not appeal. A forcible detainer suit was filed against him, tried before a jury, and a judgment was taken against him which he did not appeal. Sparkman then

filed suit against the City of Tyler and other parties in connection with this property and was sanctioned by the United States District Court, Eastern District of Texas, which decision and sanction were affirmed by the Fifth Circuit. In 1992, Sparkman filed a forcible entry and detainer action against Terry, as well as the City of Tyler and other parties, which was removed to federal district court, where all defendants but Terry were dismissed from the case. It was remanded back to the Justice of the Peace Court, where summary judgment was taken against Sparkman. He appealed to the County Court at Law. After summary judgment was entered against him in the County Court at Law, Sparkman attempted to file a mandamus action against the judge who heard the case. We denied his application for leave to file a mandamus. Finally, Sparkman was the subject of a trespass to try title suit filed by the Kimmeys, in which the trial court rendered judgment for the Kimmeys. Sparkman filed an appeal with this court, and we affirmed the judgment in favor of the Kimmeys and against Sparkman. Sparkman then filed his Application for Writ of Error to the Supreme Court of Texas, which application was denied. He finally filed the underlying suit in this case. In a letter to the Kimmeys' attorney, Sparkman asserted that the judgment for the Kimmeys was void, that the Kimmeys did not have title to the property, and that Sparkman was never going to allow anyone to steal the property from him. He further stated that he would be filing additional lawsuits seeking redress and damages under the Constitution, federal civil rights laws and racketeering statutes.

When the trial court granted the temporary injunction, it found that Sparkman, individually and as successor trustee, had removed signs from the property, had written the Kimmeys and their realtor threatening litigation, and had failed to recognize previous judgments of other courts. The court ordered Sparkman to desist and refrain from the following:

1. Interfering with the Kimmeys' rights, title, use, occupancy, enjoyment, or claims in and to the property ..., including without limitation the right to sell or lease said property; and

2. Filing any additional lawsuits, claims or actions against the Kimmeys affecting title to or possession of the Property or damages or any other relief relating to the Property in any way or nature.

We hold that the trial court's order complied with the mandates of *Farguson,* and that it was an appropriate sanction under *Golden Rule.* We overrule issue number two.

The third and fourth issues before us are whether the Kimmeys' motions for summary judgments contained competent summary judgment evidence. The Kimmeys failed to attach *certified* copies of petitions, judgments, and other court documents to their motions for summary judgment, of which Sparkman now complains. Sparkman also argues that the trespass to try title judgment was against him individually, not as trustee, therefore could not have *res judicata* effect. In regards to the first motion for summary judgment on all of his causes of action, Sparkman objected that the judgment was against him individually, not against him in his representative capacity. In his reply to the second motion for summary judgment on the Kimmeys' counterclaim for an injunction, he objected but did not say *why* the exhibits were not competent. Sparkman never complained that any of the exhibits were not certified.

Sparkman alleges that in not providing certified copies of the judgments, pleadings and other court documents, the Kimmeys did not comply with Rule 166a of the Texas Rules of Civil Procedure. Rule 166a describes what constitutes competent summary judgment evidence, as follows:

The judgment sought shall be rendered forthwith if ... (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on

the issues expressly set out in the motion or in an answer or any other response ...

Tex.R.Civ.P. 166a(c).

In their first motion for summary judgment, the Kimmeys referred the court to the following summary judgment evidence:

1. Copy of Sparkman's forcible entry and detainer suit in cause number G–1662 (as located in file number 36.061);

2. Copy of the Notice of Appeal by Sparkman out of cause number G–1662 under new cause number 36,061 in the County Court at Law #1, Smith County, Texas.

3. Order Granting Summary Judgment in cause number 36,061;

4. Per curiam opinion of the Court of Appeals, Twelfth Court of Appeals, Tyler, Texas in cause number 12–94–00182–CV; Guy Sparkman, Relator v. The Honorable A. LeRue Dixon III, Visiting Judge in the County Court at Law, Smith County, Texas, Respondent;

5. First Amended Petition to Try Title, or in the Alternative, To Quiet Title in cause number 93–2603–C styled Richard J. Kimmey and Paula P. Kimmey v. Guy Sparkman;

6. Answer filed by Sparkman in cause number 93–2603–C;

7. Motion to Set Aside Pretrial Scheduling Order;

8. Order Granting Partial Summary Judgment;

9. Order Granting Non-suit and Making Final the Partial Summary Judgment;

10. Opinion of Court of Appeals in cause number 12–94–00317–CV, appealing the summary judgment entered against him in cause number 93–2603–C.

The motion also stated that "[t]he original court files for the forcible detainer suit, cause number 36,061, and the trespass to try title suit, cause number 93–2603–C, have been tendered to the Court. The Kimmeys request that the Court take judicial notice of all pleadings in said files."

In their second motion for summary judgment, the Kimmeys referred the court to the following summary judgment evidence:

1. Testimony taken at the hearing October 7, 1996 [the hearing on the first motion for summary judgment] and evidence received by the Court at such hearing, wherein Sparkman testified that the orders of various courts were of no force and effect against him and that he would continue to file suit and do whatever it would take to recover the property or damages from its loss; and

2. Letters dated May 21, 1996 and June 6, 1996 wherein Sparkman has admitted that he will not recognize the validity of these judgments.

The Kimmeys further requested that the court take judicial notice of all pleadings and all summary judgment evidence as referenced in the Kimmeys' first motion for summary judgment. Sparkman has not disputed that the original documents were tendered to the Court.

 Because public records in their original form, such as courts' files, are self-authenticated, we hold that the court's original files were competent summary judgment evidence. *See* Tex.R.Civ.Evid. 901(b)(7). In addition, a court may take judicial notice of court records in a cause involving the same subject matter between the same parties. *McCurry v. Aetna Cas. and Sur. Co.*, 742 S.W.2d 863, 867 (Tex.App.—Corpus Christi 1987, writ denied). Consequently, they were properly considered by the court in making its determination that the suit was barred by the doctrine of *res judicata* and that an anti-suit injunction should be granted. Even if this were not so, Sparkman waived error on this issue by failing to specifically complain at the trial court level that the documents were not certified.

We must now address Sparkman's assertion that the judgment from the trespass to try title case did not constitute competent summary judgment evidence in the instant case because the judgment was taken against him individually and not in his representative capacity. Sparkman waived error in regards to the second summary judgment because he

did not make this specific objection at the trial court level. He may not now complain that the summary judgment evidence did not support the issuance of the anti-suit injunction. Sparkman did, however, specifically object to the evidence tendered to the court with the Kimmeys' first motion for summary judgment. We must therefore determine if evidence of the suits in which Sparkman was a party in his individual capacity supported summary judgment against him in his representative capacity on the grounds of *res judicata.*

 *Res judicata,* or claim preclusion, forecloses relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). It requires proof of the following elements: 1) a prior final judgment on the merits by a court of competent jurisdiction; 2) identity of parties or those in privity with them; and 3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996).

In the instant case, the first and third elements required for *res judicata* have not been raised on appeal, and have therefore been waived. Sparkman did, however, raise the privity issue. We must therefore determine if Sparkman as successor trustee was in privity with Sparkman in his individual capacity, against whom the trespass to try title judgment was taken. Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, successors in interest, or persons who are vicariously responsible for the conduct of the party to the first suit. *Klein v. Dooley,* 933 S.W.2d 255, 260 (Tex.App.—Houston [14th Dist.] 1996), *rev'd on other grounds,* 949 S.W.2d 307 (1997). Sparkman very clearly represented the trustee's interest in the property when he litigated the first forcible entry and detainer suit and the trespass to try title suit. In addition, Sparkman as successor trustee exerted control over the prosecution and the defense of the suits, since Sparkman in his individual capacity had no interest in either. Because Sparkman in his individual capacity was in privity with Sparkman in his representative capacity, we hold that the trial court correctly considered the summary judgment evidence when it granted judgment on the basis of *res judicata.* We overrule issues three and four.

We *affirm* the trial court's judgment.