**BANNER SIGN & BARRICADE, INC., Appellant,**

v.

**PRICE CONSTRUCTION, INC., Appellee.**

**No. 04–02–00181–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 23, 2002.

Rehearing Overruled Nov. 15, 2002.

Darrell Frank Smith, Lopez & Smith, San Antonio, for Appellant.

Roland L. Leon and Vada L. Staha, Barker, Leon, Fancher & Matthys, L.L.P., Corpus Christi, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Banner Sign & Barricade, Inc. ("Banner") appeals a summary judgment granted in favor of Price Construction, Inc. ("Price") with regard to an indemnity claim. Banner contends that the summary judgment was improperly granted because: (1) Price did not plead a cause of action for breach of contract; (2) Price failed to submit an affidavit to verify the subcontract between Banner and Price; and (3) the language in the subcontract

does not satisfy the express negligence doctrine; and (4) the claims asserted against Price are not subject to the indemnification provision. We affirm the trial court's judgment.

## BACKGROUND

Price contracted with the Texas Department of Transportation to perform construction work on a highway. Price subcontracted with Banner for the provision of barricades, signs, and traffic devices. Price was sued after an automobile collision resulted in the death of one driver and personal injury to the other. One of the allegations against Price was negligence in the supplying of inadequate and inappropriate materials to be used as warning devices. Price filed a petition to join Banner as a responsible third party. The petition contained a claim for contribution and contractual indemnity and sought a declaratory judgment that the indemnification provision in the subcontract was valid and enforceable.

Price moved for partial summary judgment with regard to its claims against Banner. The motion states that Price was seeking summary judgment as to its contractual indemnification and declaratory judgment claims. The motion further states that it addresses Price's claim for breach of contract under the subcontract's indemnification provision. The motion contains a prayer for relief seeking: (1) a declaratory judgment in favor of Price that the indemnification provision is valid and enforceable; (2) a judgment for indemnity; and (3) attorneys' fees. Banner did not file a response to the motion. The trial court granted summary judgment in favor of Price and severed the indemnity claim into a separate cause number, making it final for purposes of appeal.

After the severance, the plaintiffs' claims against Price and the other defendants, including Banner, were tried to a jury. The jury found that Price and one of the drivers were negligent. The jury apportioned 80% responsibility to Price and 20% responsibility to the other driver. The jury found that Banner was not negligent. The trial court rendered judgment in favor of the plaintiffs against Price.

## STANDARD OF REVIEW

A party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.-Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon*, 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in the non-movant's favor. *Id.*

## PROOF OF SUBCONTRACT

Banner contends that summary judgment was improperly granted because the subcontract between Price and Banner was not proven or supported by affidavit. Price responds that Banner has waived this complaint because it did not object to the alleged defect. The failure to properly verify a document as summary judgment proof is a defect in form, and the defect will not be a ground for appeal unless an objection was expressly presented to the trial court. *See Sparkman v. Kimmey*, 970 S.W.2d 654, 659 (Tex.App.-Tyler 1998, pet. denied); *Thompson v. Dart*, 746 S.W.2d 821, 828 (Tex.App.-San Antonio 1988, no writ); *see generally* TIMOTHY PAT-

TON, SUMMARY JUDGMENTS IN TEXAS § 6.06[1] (2d ed.1996). Because Banner did not present an objection to the trial court, this issue has not been preserved for appeal.

### FAILURE TO PLEAD CAUSE OF ACTION

█ Banner contends that summary judgment was improperly granted because Price had not pled a claim for breach of contract. Although the motion states that it addresses Price's breach of contract claim, the motion read as a whole requests summary judgment with respect to Price's contractual indemnification and declaratory judgment claims, which are properly pled. Furthermore, even if we assume Price should have pled a breach of contract claim, the claim is deemed to have been tried by consent in the absence of an objection by Banner to the lack of a supporting pleading. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494–95 (Tex. 1991); *Milam v. Nat'l Ins. Crime Bureau,* 989 S.W.2d 126, 130 (Tex.App.-San Antonio 1999, no pet.); *see generally* TIMOTHY PAT-TON, SUMMARY JUDGMENTS IN TEXAS § 3.06[1] (2d ed. 1996 & Supp.2001).

### EXPRESS NEGLIGENCE

Banner finally contends that the indemnification provision in the subcontract does not satisfy the express negligence doctrine and that Price was not otherwise entitled to indemnification because the plaintiffs' claims did not arise out of or in connection with Banner's work or operations.

█ Texas adopted the express negligence doctrine in 1987. *See Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d 705, 708 (Tex.1987). The express negligence doctrine is the standard used by Texas courts to determine the validity of a contractual clause that exonerates a party from its own negligence. Given the potential disparity in contractual bargaining power, such exculpatory clauses can be unfair.

The unfairness of these exculpatory provisions, however, must be balanced against the strong public policy considerations supporting a party's freedom to contract. *See* Kevin G. Hroblak, *Adloo v. H.T. Brown Real Estate, Inc.: "Caveat Exculpator"—An Exculpatory Clause May Not Be Effective Under Maryland's Heightened Level of Scrutiny,* 27 U. BALT. L.REV. 439, 439–41 (1998). Although permitting Price to recover from Banner when the jury found that Banner was not negligent appears unfair, the express negligence standard adopted in Texas is the most demanding and concrete standard for reviewing whether the indemnification provision is valid. *See id.* at 459; *see also* Scott A. Conwell, *Recent Decisions: The Maryland Court of Appeals,* 57 MD. L.REV. 706, 711–19 (1998) (discussing standards used in other jurisdictions).

█ The indemnification provision states that Banner obligates itself to Price in the following respect:

(b) To fully and unconditionally protect, indemnify and defend [Price], its officers, agents and employees, and hold it harmless from and against any and all costs, expenses, reasonable attorney fees, claims, suits, losses or liability for injuries to property, injuries to persons (including subcontractor's employees), including death, and from any other costs, expenses, reasonable attorney fees, claims, suits, losses or liabilities of any and every nature whatsoever arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to, any of subcontractor's work or operations hereunder or in connection herewith, regardless of cause or of the sole, joint, comparative or concurrent negligence or gross negligence of [Price], its officers, agents or employees.

█ "The express negligence doctrine provides that parties seeking to indemnify

the indemnitee from the consequences of its own negligence must express that intent in specific terms." *Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d at 708. "Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract." *Id.* Compliance with the express negligence doctrine is a "question of law for the court." *Dresser Industries, Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 509 (Tex.1993).

In *Permian Corp. v. Union Tex. Petroleum Corp.,* 770 S.W.2d 928, 929–30 (Tex. App.-El Paso 1989, no writ), the following language was held to satisfy the express negligence doctrine:

> Contractor [Appellant] hereby indemnifies and agrees to protect, hold and save Union Texas [Appellee] ... harmless from and against all claims, ... including but not limited to injuries to employees of Contractor, ... on account of, arising from or resulting, directly or indirectly, from the work and/or services performed by Contractor ... *and whether the same is caused or contributed to by the negligence of Union Texas, its agent or employees.* [Emphasis added].

In *B–F–W Const. Co., v. Garza,* 748 S.W.2d 611, 612–13 (Tex.App.-Fort Worth 1988, no writ), the court considered whether the following language satisfied the express negligence doctrine:

> (a) Subcontractor shall fully protect, indemnify and defend Contractor and hold it harmless from and against any and all claims, demands, liens, damages, causes of action and liabilities of any and every nature whatsoever arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to any of Subcontractor's work or operations hereunder or in connection herewith (regardless of cause or of any concurrent or contributing fault

> or negligence of Contractor) or any breach of or failure to comply with any of the provisions of this Subcontract or the Contract Documents by Subcontractor.
>
> (b) Subcontractor shall fully protect, indemnify and defend Contractor and hold it harmless from and against any and all claims, demands, causes of action, damages and liabilities for injury to or death of Subcontractor, or any one or more of Subcontractor's employees or agents, or any subcontractor or supplier of Subcontractor, or any employee or agent of any such subcontractor or supplier, arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to any work or operation or operations of Subcontractor or Contractor or any other contractor or subcontractor or party, or otherwise in the course and scope of their employment, and regardless of cause or of any fault or negligence of Contractor.

The court held that the language "and regardless of any cause or of any fault or negligence of contractor" met the express negligence test "because it expressly states the intent of the parties that the subcontractor would indemnify the contractor for the contractor's own negligence." *Id.* at 613. Finally, in *Adams Resources Exploration Corp. v. Resource Drilling, Inc.,* 761 S.W.2d 63, 64–65 (Tex. App.-Houston [14th Dist.] 1988, no writ), the court held that the following language was sufficient to satisfy the express negligence doctrine:

> 14.8 Contractor's Indemnification of Operator: Contractor agrees to protect, defend, indemnify, and save operator, its officers, directors, employees and joint owners harmless from and against all claims, demands, and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection

herewith in favor of Contractor's employees or Contractor's subcontractors or their employees, or Contractor's invitees, on account of bodily injury, death or damage to property....

14.13 Indemnity obligation: Except as otherwise expressly limited herein, it is the intent of parties hereto that all indemnity obligations and/or liabilities assumed by such parties under terms of this Contract, including, without limitation, paragraphs 14.1 through 14.12 hereof, be without limit and without regard to the cause or causes hereof (including pre-existing conditions), the unseaworthiness of any vessel or vessels, strict liability, or the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive. The terms and provisions of paragraphs 14.1 through 14.12 shall have no application to claims or causes of action asserted against Operator or Contractor by reason of any agreement of indemnity with a person or entity not a party hereto.

The court reasoned that the clause specifically asserts that it covers the negligence of both parties. *Id.* at 65.

Similarly, the express negligence doctrine is satisfied in this case by the inclusion of the following phrase in the contract's indemnification provision, "regardless of cause or of the sole, joint, comparative or concurrent negligence or gross negligence of [Price], its officers, agents or employees."

■ Banner further contends that a fact issue was raised with regard to whether the injuries asserted by the plaintiffs are subject to the indemnification provision. Whether the indemnification provision is applicable to the claims asserted by the plaintiffs requires an interpretation of the subcontract's indemnification provision. The interpretation of a contract is a question of law for the court. *Coker v.*

*Coker,* 650 S.W.2d 391, 393 (Tex.1983). The indemnification provision covers all claims and injuries of any nature whatsoever "arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to, any of subcontractor's work or operations hereunder or in connection herewith." The petition included a claim for "the supplying of inadequate and inappropriate materials to be used as warning devices." Price contracted with Banner to provide barricades, signs, and traffic devices. An allegation that those devices were inadequate or inappropriate arises out of Banner's work. Accordingly, the claims asserted by the plaintiffs are subject to the indemnification provision.

CONCLUSION

The trial court's judgment is affirmed.