

**NUMBER 13-07-00596-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BANNER SIGN & BARRICADE, INC.,**          **Appellant,**

**v.**

**BERRY GP, INC.,**          **Appellee.**

**On appeal from the 267th District Court of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant, Banner Sign & Barricade, Inc. ("Banner"), appeals from the trial court's summary judgment in favor of appellee Berry GP, Inc. ("Berry"). Berry brought a third-party action against Banner, seeking indemnification for amounts paid by Berry in the settlement of a wrongful death suit arising from an accident in a highway construction zone. By three issues, Banner contends that the trial court erred in granting Berry's motion for summary judgment and denying Banner's traditional and no-evidence motions for summary judgment. We affirm.

## I. BACKGROUND

On the night of April 4, 2002, Dezarae Crow was driving northbound on United States Highway 87 between Placedo and Victoria, Texas. Crow was driving on the left

lane, which was under construction, when she drifted onto an unmarked left turn lane. She ran off the left side of the roadway, steered back onto the northbound lanes, then skidded and entered the center median, causing her car to roll over twice. Crow was ejected from the vehicle onto the southbound lane and was killed. On February 21, 2003, Crow's parents brought suit against general contractor Berry under the wrongful death and survival statutes, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002, 71.021 (Vernon 2008), asserting claims of negligence, gross negligence, and negligence per se. Specifically, the Crows alleged that Berry failed: (1) to mark the left turn lane with temporary flexible-reflective roadway marker tape; (2) to place permanent lane edge lines on the newly paved highway; (3) to place barrels, barricades, or cones; and (4) to properly warn drivers of the unsafe road conditions.

On March 11, 2004, Berry brought a third-party action against Banner, asserting that Banner was responsible for the failures alleged by the Crows. On March 11, 2004, the Crows filed an amended petition, adding a fifth allegation that Berry created an unsafe and hazardous road condition and a sixth allegation that Banner failed to provide proper pavement striping and signage. The Crows again amended their petition on March 29, 2004, adding the Texas Department of Transportation ("TxDOT") as a defendant, and asserting all six alleged breaches against Berry, Banner, and TxDOT.

Berry also claimed that it was entitled to contractual indemnification from Banner under a 1996 Master Service Agreement between Banner and Bay, Ltd. ("Bay"). Bay, a subsidiary of Berry, entered into a contract with the State of Texas in 1999 to construct approximately 9.6 miles of United States Highway 87 between Placedo and Victoria; the accident that claimed Crow's life took place on this stretch of road. The Master Service Agreement pertained to subcontracting work done by Banner on this and other projects for which Bay was the general contractor.

Paragraph 8 of the Master Service Agreement, entitled "Indemnification and Insurance" (the "Indemnification Clause"), provided as follows:

The SUBCONTRACTOR [Banner] agrees to protect, defend, indemnify and

2

hold harmless BAY, the OWNER of the project for which work under this agreement is performed, each contracting party between OWNER and BAY on the project, their co-lessees, partners, joint ventures, agents, officers, directors, employees, representatives, insurers, contractors, subcontractors, and parent, subsidiary and affiliated companies and their employees, officers, directors, and shareholders (hereinafter referred to collectively as "Indemnified Parties") from and against all claims, demands, liabilities and causes of action, including attorney's fees, of every type and character, without limit and without regard to the cause or causes thereof, which may arise out of, in connection with, or incidental to the performance by SUBCONTRACTOR of any work under these terms and conditions, or to the presence of SUBCONTRACTOR on any premises owned by or in which BAY has any interest and which:

(1)     are asserted for damage to, or destruction of, tools, equipment or other materials of the SUBCONTRACTOR, its affiliates, customers, subcontractors, agents, employees and representatives; or,

(2)     are asserted by or arise in favor of any person, due to bodily injury, personal injury, death or loss or damage of property;

whether or not caused by the sole, joint or concurrent negligence of the Indemnified Parties, arising under any claim of strict liability, for the unseaworthiness of any vessel, or from any other unstated cause even if predating the execution of this Agreement, with the sole exception that any Indemnified Party guilty of intentionally tortious conduct shall not be entitled to indemnity.

Banner answered by pleading an affirmative defense of immunity and denying that Berry was entitled to contractual indemnification under the Master Service Agreement. Banner additionally filed a counterclaim against Bay based on a sworn account, contending that Bay owed Banner approximately $36,000 for the rental of traffic control devices. On June 6, 2005, the trial court severed the indemnification dispute between Berry and Banner. The Crows subsequently non-suited Banner and then settled their suit against Berry and TxDOT at mediation on June 30, 2005. Pursuant to the settlement, Berry agreed to pay $800,000 in damages to the Crows, but Berry and TxDOT continued to expressly deny any liability.

The dispute between Berry and Banner remained pending. Berry filed a motion for partial summary judgment on May 16, 2005, contending that the accident was covered by the Master Service Agreement and that Berry, "as an affiliated company of Bay . . . and as the parent company of Bay," was entitled to indemnification from Banner. Berry provided

3

summary judgment evidence in the form of an affidavit executed by Charles Vanaman, Bay's general counsel, stating that the Indemnification Clause was in effect for the work undertaken by Bay at the time of the accident. Vanaman's affidavit also stated that the Indemnification Clause was applicable to Berry as a subsidiary of Bay.[1]

Banner filed a response as well as its own traditional and no-evidence motions for summary judgment as to Berry's claims on June 6, 2005. In its motions for summary judgment, Banner contended that there was no evidence that any act or omission on its part caused any injury to Crow. Banner also asserted that it was entitled to judgment as a matter of law because it did not breach any duty. In support of its response and its motions, Banner provided deposition excerpts which purported to show that Banner was not responsible for undertaking the four safety precautions enumerated by the Crows in their suit.

On June 21, 2005, Berry filed a response to Banner's motions for summary judgment, arguing that sufficient time had not elapsed to permit discovery relating to Banner's obligations as Berry's subcontractor. On August 23, 2006, Berry filed an amended response to Banner's motions for summary judgment, as well as a "Motion for Summary Judgment for Contractual Indemnity," which repeated, in large part, the assertions of Berry's original motion for partial summary judgment filed on May 16, 2005. As summary judgment evidence, Berry included, among other things, the Master Service Agreement, the Vanaman affidavit, and the settlement agreement executed by Berry and the Crows.

On June 25, 2007, the trial court entered its judgment granting Berry's motion for summary judgment on indemnity and denying Banner's motions for summary judgment, without specifying the grounds relied upon for the ruling. The trial court also overruled Banner's objections to Berry's summary judgment evidence, and severed Banner's sworn account counterclaim. Banner filed a motion for new trial on July 23, 2007, which was

_____

[1] Berry later offered amended affidavits by Vanaman on August 22, 2006 and November 2, 2006. Banner objected to each of the affidavits in turn.

4

overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's grant or denial of a traditional motion for summary judgment under a de novo standard of review. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.). The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Alaniz*, 105 S.W.3d at 345.

To obtain relief via a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed fact issue that precludes summary judgment, evidence favorable to the non-movant will be taken as true. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). Evidence favorable to the movant, however, will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). Moreover, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Grinnell*, 951 S.W.2d at 425 (citing *Nixon*, 690 S.W.2d at 549).

For a no-evidence summary judgment motion to be successful, the party seeking the judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claims upon which he would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Holstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.–Austin 2000,

5

no pet.). When responding to a no-evidence motion, the non-movant is only required to present evidence that raises a genuine issue of material fact on the challenged elements. *See AMS Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc.*, 94 S.W.3d 152, 159 (Tex. App.–Corpus Christi 2002, no pet.) (citing *McCombs v. Children's Med. Ctr.*, 1 S.W.3d 256, 258 (Tex. App.–Texarkana 1999, pet. denied)). The non-movant must produce more than a scintilla of probative evidence to raise an issue of material fact. *Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 252 (Tex. App.–Corpus Christi 2001, pet. denied). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court should review both parties' summary judgment evidence and determine all questions presented. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Warrantech Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760, 765 (Tex. App.–Fort Worth 2006, no pet.). The reviewing court should render the judgment that the trial court should have rendered. *See FM Props.*, 22 S.W.3d at 872; *Warrantech*, 210 S.W.3d at 765.

If the trial court's order granting summary judgment does not specify the ground or grounds relied upon for the ruling, we will affirm the judgment on appeal if any of the theories advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (quoting *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

### III. DISCUSSION

By its first issue, Banner contends that the trial court erred in granting Berry's motion for summary judgment on contractual indemnity because Berry failed to provide any competent summary judgment evidence establishing that it was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Walker*, 924 S.W.2d at 377. By its third issue, Banner contends that the trial court erred by denying its no-evidence motion for summary judgment. Because both issues turn on whether Berry provided sufficient evidence to allow

6

the trial court to grant summary judgment in its favor, we consider the issues together.[2]

## A. Vanaman Affidavit

The summary judgment evidence provided by Berry included the Vanaman affidavit, which was accompanied by the Master Service Agreement and the purchase order pertaining to the stretch of highway where the accident occurred. The affidavit stated, in relevant part:

> As Vice President/General Counsel of Berry GP, Inc. I have knowledge of the relationship between Berry GP, Inc. and its affiliated companies, Bay Ltd. and Bay, Inc. and of their relationships specifically on September 22, 1999, the day the contract was signed between Bay Ltd. and the Texas Department of Transportation on behalf of the State of Texas for construction of 15.517 kilometers of U.S. Highway 87 in Victoria County and on April 4, 2004, the day Dezarae Crow received fatal injuries on that same stretch of highway. On those dates and at all intervening times, Bay, Inc. and Bay Ltd. were subsidiaries of Berry GP, Inc., their parent company.

Banner contends that this statement did not constitute competent evidence because Vanaman did not recite that he "is an attorney, licensed to practice, or has legal training to support, or recite factual bases for, his conclusory opinions regarding relationships of the entities, Bay, Inc., Bay, Ltd., Berry GP, Inc., and Berry Consulting, Inc. as being those of 'affiliates' or 'subsidiaries' or 'parent' or 'ultimate parent' . . . ." However, Banner does not direct us to any authority indicating that such a statement was necessary for the trial court to have considered Vanaman's affidavit. *See* TEX. R. APP. P. 38.1(h). In the absence of any such authority, we conclude that the Vanaman affidavit constituted competent summary judgment evidence.

## B. Applicability of Indemnification Clause

Banner also claims that Berry's summary judgment evidence was insufficient to establish that the accident "ar[o]se out of, in connection with, or incidental to the

---

[2] As noted, a movant for traditional summary judgment must produce evidence sufficient to show it is entitled to judgment as a matter of law. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). To avoid summary judgment, the non-movant must then present evidence raising a genuine fact issue. *Id.*

However, Banner does not contend in its first issue that it raised a genuine fact issue as to Berry's claims. Rather, it asserts that Berry failed to clear the first hurdle in obtaining a traditional motion for summary judgment—that is, it failed to show any competent evidence showing it is entitled to judgment as a matter of law. Therefore, this issue merges with Banner's third issue, which contends explicitly that Berry produced no evidence establishing its entitlement to judgment in its favor.

7

performance by [Banner] of any work under [the] terms and conditions [in the Agreement], or to the presence of [Banner] on any premises owned by or in which BAY has any interest," as required by the Indemnification Agreement. We disagree.

In *Banner Sign & Barricade, Inc. v. Price Construction, Inc.*, 94 S.W.3d 692 (Tex. App.–San Antonio 2002, pet. denied), the San Antonio Court of Appeals applied an indemnification clause substantially similar to the one involved here. In that case, Banner provided barricades, signs, and traffic devices to Price pursuant to a subcontract. *Id.* at 697. After a two-vehicle construction site accident, the plaintiffs sued Price. *Id.* at 694. Price then joined Banner in the action as a responsible third party, alleging that it was entitled to indemnification. *Id.* The trial court severed the indemnification and negligence cases. *Id.* A jury subsequently found Price 80% responsible for the accident, the other driver 20% responsible, and Banner 0% responsible. *Id.* The trial court then granted summary judgment to Price on the indemnification claim against Banner. *Id.*

Affirming the trial court's judgment, our sister court held that Banner had not raised a genuine fact issue as to whether the indemnification clause covered the accident at issue. *Id.* at 697. The indemnification clause at issue there "cover[ed] all claims and injuries of any nature whatsoever 'arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to, any of [Banner]'s work or operations hereunder or in connection herewith.'" *Id.* Price had contracted with Banner to provide barricades, signs, and traffic devices, and crucially, the plaintiffs' petition in that case "included a claim for 'the supplying of inadequate and inappropriate materials to be used as warning devices.'" *Id.* Therefore, the court held, the claims asserted by the plaintiffs were subject to the indemnification provision. *Id.*

Banner's subcontract with Berry is substantially similar to the one considered in *Price*, covering any cause of action "which may arise out of, in connection with, or incidental to the performance by [Banner] of any work under [the subcontract], or to the presence of [Banner] on any premises owned by or in which BAY has any interest." We have previously held, in the context of an indemnity clause, that the terms "arise out of" and

8

"in connection with" do not mean that the indemnitee must show direct or proximate causation. *See Coastal Mart, Inc. v. Sw. Bell Tel. Co.*, 154 S.W.3d 839, 845 (Tex. App.–Corpus Christi 2005, pet. granted, judgm't vacated w.r.m.) (citing *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2003) ("'Arising out of' are words of much broader significance than 'caused by.'")). Rather, such terms require only that a "general nexus" be established between the subcontractor's obligations and the detriment for which indemnity is sought. *Id.* ("'[A]rise out of' simply means that there is 'a casual connection or relation.'"). Here, the Master Service Agreement provided that Banner was responsible for providing traffic control devices, while the Crows alleged in their petition that the defendants, among other things, "fail[ed] to provide proper pavement striping and signage." This summary judgment evidence was sufficient to establish the "general nexus" required to bring the accident under the purview of the Indemnification Clause.

Banner argues that *Price* can be distinguished from the instant case, because whereas the plaintiffs in *Price* won a jury verdict of damages against the contractor, Berry voluntarily settled their case here. However, the Indemnification Clause does not limit itself to liabilities incurred as a result of an adverse verdict. Instead, it expressly covers "all claims, demands, liabilities and causes of action . . . of every type and character, without limit and without regard to the cause or causes thereof . . . which may arise out of, in connection with, or incidental to the performance by [Banner] . . . ." Given the sweeping nature of the Indemnification Clause, we conclude that the claims asserted by the Crows were subject to the provisions of the clause. See *Coastal Mart, Inc.*, 154 S.W.3d at 845; *Price*, 94 S.W.3d at 697.

## C. Reasonableness of Settlement Agreement

Banner further argues that Berry failed to show that it was entitled to indemnity as a matter of law because it did not present a scintilla of evidence showing that its settlement with the Crows was reasonable and made in good faith.

"For a settling indemnitee to recover an amount of the settlement from its indemnitor, the indemnitee must show its potential liability to a claimant and that the

settlement was reasonable, prudent, and made in good faith under the circumstances."
*H.S.M. Acquisitions, Inc. v. West*, 917 S.W.2d 872, 879 (Tex. App.–Corpus Christi 1996,
pet. denied) (citing *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d
818, 824 (Tex. 1972); *Getty Oil Corp. v. Duncan*, 721 S.W.2d 475, 477 (Tex. App.–Corpus
Christi 1986, writ ref'd n.r.e.)). Without this requirement, the settling indemnitee would
have no incentive to bargain with the claimant for a reasonable settlement amount because
the indemnitee would in any case be assured of full recovery from the indemnitor, even if
the settlement amount was exorbitant.

Berry's summary judgment evidence did not establish that the terms of the
settlement agreement executed by Berry and the Crows bore any relationship to the
damages suffered by the Crows as a result of the accident. However, Banner did not raise
the issue of the reasonableness of the settlement agreement in its response to Berry's
motion for summary judgment or in its own no-evidence motion for summary judgment.
Issues that were not expressly presented to the trial court in the motion for summary
judgment cannot be considered by an appellate court as grounds for reversal. TEX. R. CIV.
P. 166a(c); *Progressive County Mut. Ins. Co. v. Boyd*, 1778 S.W.3d 919, 921 (Tex. 2005);
*Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002).

Because Berry produced competent evidence to establish its entitlement to
judgment as a matter of law, we conclude that the trial court did not err in granting Berry's
traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); *Walker*, 924 S.W.2d
at 377. Moreover, we conclude that the trial court did not err in denying Banner's no-
evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i); *Holstrom*, 26 S.W.3d
at 530. Accordingly, Banner's first and third issues are overruled.

**D.     Banner's Traditional Motion for Summary Judgment**

By its second issue, Banner argues that it was entitled to judgment as a matter of
law because indemnification was unavailable to Berry. We disagree.

Banner first contends that it was not required to comply with the Indemnification
Clause because Berry failed to pay Banner in accordance with the Master Service

Agreement. In its traditional motion for summary judgment, Banner asserted that "Bay, Inc. and/or Bay, Ltd. have breached the Master Service Agreement . . . by failing and refusing to pay . . . for traffic control device rentals . . . and owes in excess of $18,000.00" and therefore that "neither Berry nor the Bay entities are entitled to any defenses or indemnifications claimed." On appeal, Banner notes the general rule that reciprocal promises in a contract, absent intentions to the contrary, are presumed to be mutually dependent and the breach of one will excuse the performance of the other. *D.E.W., Inc. v. Depco Forms, Inc.*, 827 S.W.2d 379, 382 (Tex. App.–San Antonio 1992, no pet.). Banner claims that it was absolved of its obligation to indemnify Berry because of this rule. However, an indemnity agreement "is an original obligation between the contracting parties and independent of other agreements." *Tesoro Petroleum Corp. v. Nabors Drilling U.S.*, 106 S.W.3d 118, 127 (Tex. App.–Houston [1st Dist.] 2002, pet. denied) (citing *Joseph Thomas, Inc. v. Graham*, 842 S.W.2d 343, 346 (Tex. App.–Tyler 1992, no writ)). Moreover, Banner's sworn account counterclaim was severed by the trial court, and so the remedy of damages remains available to Banner to redress any breach of the Master Service Agreement committed by Berry. *See Hanks v. GAB Bus. Servs.*, 644 S.W.2d 707, 708 (Tex. 1982) ("[W]hen a covenant goes only to part of the consideration on both sides and a breach may be compensated for in damages, it is to be regarded as an independent covenant, unless this is contrary to the expressed intent of the parties."). Because the Indemnification Clause is an independent covenant, Banner is not excused from its obligations under the contract based on allegations that Berry breached the contract. *See Tesoro*, 106 S.W.3d at 127.

Banner further argues that indemnification was unavailable to Berry because Berry failed to establish that the terms of their agreement with the Crows were reasonable and made in good faith.[3] However, Banner did not raise this issue in its traditional motion for

---

[3] Banner additionally claims that it was entitled to judgment as a matter of law because: (1) Berry showed a lack of good faith in its pleadings; (2) Berry's claim for indemnification was based on a voluntary settlement; and (3) Berry failed to establish their potential liability in the underlying lawsuit. However, Banner has not provided any authority supporting the contention that it would be entitled to judgment as a matter of

summary judgment. Accordingly, we may not reverse the trial court's judgment on these grounds. TEX. R. CIV. P. 166a(c); *Boyd*, 1778 S.W.3d at 921; *Johnson*, 73 S.W.3d at 204. Banner's second issue is overruled.

## IV. CONCLUSION

Having overruled Banner's three issues, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 25th day of September, 2008.

---

law on these grounds. *See* TEX. R. APP. P. 38.1(h).

12