ACCEPTED
12-14-00365-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/20/2015 2:46:03 PM
CATHY LUSK
CLERK

## NO. 12-14-00365-CV

### IN THE COURT OF APPEALS
### FOR THE TWELFTH DISTRICT OF TEXAS
### AT TYLER

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/20/2015 2:46:03 PM
CATHY S. LUSK
Clerk

### EDOM CORNER, LLC and
### EARL A. BERRY, JR.,

**Appellants**

**vs.**

### IT'S THE BERRY'S, LLC doing business as
### MARY ELLEN'S

**Appellee**

### On appeal from the 294th Judicial District Court of
### Van Zandt County, Texas

### BRIEF AND APPENDIX FOR APPELLEE

**R. Paul Elliott**
**R. PAUL ELLIOTT P.C.**
**Attorney at Law**
**301 S. Main**
**Canton, Texas 75103**
**(903) 567-4141**
**(903) 567-6228 Facsimile**

**Larry M. Lesh**
**State Bar No. 12225000**
**1 Forest Park Drive**
**Richardson, Texas 75080**
**(214) 237-8598**
**(972) 699-1456 Facsimile**

**ATTORNEY FOR APPELLEE**

**ATTORNEY FOR APPELLEE**

i

## IDENTITIES OF PARTIES AND COUNSEL

**APPELLEE:**

It's The Berry's, LLC doing business as Mary Ellen's ("Mary Ellen's")

**COUNSEL FOR MARY ELLEN'S:**

Larry M. Lesh
State Bar No. 12225000
LAW OFFICE OF LARRY M. LESH
1 Forest Park Drive
Richardson, Texas 75080
(214) 347-8598
(972) 699-1456 Facsimile
lmlesh@sbcglobal.net

R. Paul Elliott
R. PAUL  ELLIOTT, P.C.
Attorney at Law
301 S. Main
Canton, Texas 75103
(903) 567-4141
(903) 567-62228 Facsimile
rpe@elilaw.com

**APPELLANTS:**

Edom Corner, LLC ("Edom Corner") and Earl A. Berry, Jr. ("Berry")

**COUNSEL FOR EDOM CORNER AND BERRY:**

**Richard L. Ray**
**Texas State Bar No. 16606300**
**RAY & THATCHER,**
**Attorneys at Law, P.C.**
**300 S. Trade Days Blvd.**
**Canton, Texas 75103**
**(903) 567-2051**
**(903) 567-6998 Facsimile**
**rlray@rayandthatcher.com.**

**Katherine A. Ferguson**
**RENSHAW DAVIS & FERGUSON, LLP**
**2900 Lee Street**
**P.O. Box 21**
**Greenville, Texas 75403-0021**
**(903) 454-6050**
**(903) 454-4898 Facsimile**
**rdflawoffice@yahoo.com**

**TRIAL COURT:**

**The 294th Judicial District Court of Van Zandt County, Texas ("the District Court"), the Honorable Teresa Drum presiding**

# TABLE OF CONTENTS

**Identities of Parties and Counsel**............................................................ii

**Table of Contents**.........................................................................iv

**Index of Authorities**......................................................................viii

**Record References**........................................................................xiii

**Statement of the Case**....................................................................xiv

**Statement Regarding Oral Argument**.......................................................xv

**Issues  Presented In Reply**...............................................................xvi

    **A.**    **Whether the District Court correctly concluded that Mary Ellen's, as the prevailing party in the Edom litigation, is entitled to recover the attorney fees and court and other costs incurred by Mary Ellen's in the Edom litigation and this action**

    **B.**    **Whether the District Court correctly concluded that neither res judicata nor collateral estoppel barred any or all of the claims asserted by Mary Ellen's in this action**

    **C.**    **Whether the District Court correctly concluded that Edom Corner and Berry are jointly and severally liable to Mary Ellen's for the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and this action**

    **D.**    **Whether the District Court correctly entered summary judgment awarding Mary Ellen's recovery from Edom Corner and Berry, jointly and severally, the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and this action**

**Statement of Facts**..........................................................................................**1**

    **A.**    **The parties; the lease**..............................................................**1**

    **B.**    **The Edom litigation; the presentment**.................................**2**

    **C.**    **The pleadings; the summary judgment motions
and evidence**.............................................................................**8**

    **D.**    **The District Court's conclusions**........................................**11**

    **E.**    **The interlocutory appeal**......................................................**11**

    **F.**    **The final judgment**...............................................................**12**

**Summary of Argument**.............................................................................**12**

**Argument**.....................................................................................................**14**

    **A.**    **Standard of review**................................................................**14**

    **B.**    **The District Court correctly concluded that Mary Ellen's,
as the prevailing party in the Edom litigation, is entitled to
recover the attorney fees and court and other costs incurred
in the Edom litigation and this action**...........................**14.**

        **1.**    **Mary Ellen's prevailed on the collective claims of
Edom Corner and Berry in the Edom litigation**.................**15**

        **2.**    **Mary Ellen's prevailed on the separate claims of
Edom Corner and Berry in the Edom litigation**.................**16**

        **3.**    **Mary Ellen's is entitled to recover the attorney fees
and costs incurred in this action**...........................................**19**

C.      The District Court correctly concluded that neither res
        judicata nor collateral estoppel barred any of the claims of
        Mary Ellen's in this action..........................................................20

        1.      The Seventh Court of Appeals did not "affirm" any
                denial of the claim of Mary Ellen's for attorney fees
                and costs..................................................................21

        2.      The counterclaim of Mary Ellen' in the first forcible
                detainer action did not confer subject matter
                jurisdiction............................................................22

        3.      The second forcible detainer order and the third
                forcible detainer judgment were not resurrected,
                and denial of the Supreme Court mandamus had
                no res judicata or collateral estoppel effect........................23

D.      The District Court correctly concluded that Edom Corner
        and Berry are jointly and severally liable to Mary Ellen's
        for the attorney fees and costs incurred by Mary Ellen's
        in the Edom litigation and this action..........................................24

E.      The District Court correctly entered summary judgment
        awarding Mary Ellen's recovery from Edom Corner and
        Berry the attorney fees and costs incurred by Mary Ellen's
        in the Edom litigation and in this action.......................................28

        1.      The recovery was sought and obtained under the
                lease and Chapter 38.................................................28

        2.      The District Court properly considered "pleadings and
                affidavits previously filed but not attached".......................28

        3.      Edom Corner and Berry failed to rebut the statutory
                presumption that the fees and costs, determined by the
                District Court on judicial notice to be usual and
                customary, were reasonable.........................................29

**CONCLUSION AND PRAYER**.............................................................**32**

**CERTIFICATE OF COMPLIANCE**......................................................**34**

**CERTIFICATE OF SERVICE**..............................................................**34**

**APPENDIX A:    The Lease**................................................................**35**

# INDEX OF AUTHORITIES

## Cases

Citizens for a Better Environment v. The Steel Co.,
  230 F.3d 923 (7th Cir. 2000)....................................................................17

Collins v. Guinn, 102 S.W.3d 825
  (Tex. App. Texarkana 2003 pet den)......................................................24

Cooper v. Cochran, 288 S.W.3d 522
  (Tex. App. Dallas 2009 no pet)...............................................................21

Dann v. Municipal Water Authority,
  2007 WL 2460058 (Tex. App. Tyler 207 no pet)..................................22

Dixie Dock Enterprises v. Overhead Door Corp.,
  2002 WL 244324 (Tex. App. Dallas 2002 no pet)................................28

Dorrah-Kelly Mercantile o., v. Orient Ins. Co.,
  135 S.W.1165 (Tex. 1911).......................................................................27

Edwards Aquifer Authority v. Horton, 2010 WL 374551
  (Tex. App. San Antonio 2010 pet den)....................................................18

El Paso Independent School Dist., v. Berry,
  2010 WL 4459735 (5th Cir. 2010)...........................................................17

Epps v. Fowler, 351 S.W.3d 862 (Tex. 2011).....................................................16

Flint & Assoc., v. Intercontinental Pipe & Steel, Inc.,
  739 S.W.2d 622 (Tex. App. Dallas 1987 writ den)................................30

Frost National Bank v. L & F Distributors, Ltd.,
  122 S.W.3d 922 (Tex. App. Corpus Christi 2003)
  r'vd other gds 165 S.W.3d 310 (Tex. 2005).............................................26

Gillam v. Sullivan, 352 S.W.2d 607

(Tex. Civ. App. Fort Worth 1961 error rf'd n.r.e.)....................................28

Goldman v. Olmstead, 414 S.W.3d 346
(Tex. App. Dallas 2013 no pet)................................................................16

Grynberg v. Praxaire, Inc., 389 F.3d 1038
(10th Cir. 2004)....................................................................................17

Hartar v. Curry, 105 S.W. 988 (Tex. 1907)........................................................23

Hartis v. Century Furniture Industries, Inc.,
230 S.W.3d 723 (Tex. App. Houston [14[th] Dist] 2007 no pet)...................31

Ingal v. Brightstar Information Technology Group,
250 S.W.3d 78 (Tex. 2008)........................................................................21

In re AIU Ins. Co., 148 S.W.3d 109 (Tex. 2004)....................................................24

In re It's The Berrys, LLC, 2006 WL 3020353
(Tex. App. Tyler 2006 orig. proceeding).....................................................6

In re Morley & Morley P.C., 2008 WL 5085131
(Tex. App. Houston [14[th] Dist] orig. proceeding).....................................20

In re Nalle Plastics Limited Partnership, 406 S.W.3d 138 (Tex. 2013)..........19-20

In re Rubiola, 334 S.W.3d 220 (Tex. 2011)........................................................25

Insurance Co. of The State of Pennsylvania v. Orosco,
170 S.W.3d 129 (Tex. App. San Antonio 2005 no pet)...........................17

Intercontinental Group Partnership v. KB Lone Star LP,
293 S.W.3d 650 (Tex. 2009)................................................................14-15

It's The Berrys, LLC v. Edom Corner, LLC,
271 S.W.3d 765 (Tex. App. Amarillo 2008 no pet).........................5-6,21-22

ix

Laredo Independent School District v. Trevino,
25 S.W.3d 263 (Tex. App. San Antonio 2000 pet den)...............................31

Medicamp, Inc., v. Capital Cities Communications, Inc.,
698 S.W.2d 207 (Tex. App. Houston [1st Dist] no writ)........................24-25

Paez v. Trent Smith Custom Homes, 2014 WL 1089751
(Tex. App. San Antonio 2014 no pet).........................................................31

Poole v. Goode, 442 S.W.2d 810
(Tex. Civ. App. Houston [14th Dist] 1969 error ref'd n.r.e.).......................23

Robbins v. Capozzi, 100 S.W.3d 18
(Tex. App. Tyler 2002 no pet)....................................................................16

Rodriguez v. Seider, 2005 WL 723682
(Tex. App. Austin 2005 no pet)..................................................................23

Sheikh v. Sheikh, 248 S.W.3d 381
(Tex. App. Houston [1st Dist] 2007 no pet)................................................24

Somers v. Aranda, 322 S.W.3d 342
(Tex. App. El Paso 2010 no pet)..................................................................29

Sparkman v. Kimmey, 970 S.W.2d 654
(Tex. App. Tyler 1998 pet den)...................................................................29

State v. Morales, 869 S.W.2d 941 (Tex. 1994).........................................................22

Suttles v. Kastleman, 2002 WL 1729519
(Tex. App. Austin 2002 no pet)..................................................................29

Thedford Crossing, L.P., v. Tyler Rose Nursery, Inc.,
306 S.W.3d 860 (Tex. App. Tyler 2010 no pet)...........................................26

Twin City Fire Ins. Co., v. Vega-Garcia, 223 S.W.3d 762
(Tex. App. Dallas 2007 pet den).................................................................23

Valerus Compression Services v. Gregg County Appraisal District,
        ____ S.W.3d ____, 2015 WL 82938 (Tex. App. Tyler 2015 no pet)............14

Van Nguen v. Bui, 2015 WL 1825658
        (Tex. App. Austin 2015 no pet)...................................................................30

Vincent Murphy Chevrolet Co., v. Auto Auctions, Inc.,
        413 S.W.2d 474 (Tex. Civ. App. Texarkana 1967 error rf'd n.r.e.).............25

Welch v. Hrabar, 110 S.W.3d 601
        (Tex. App. Houston [14th Dist] 2003 pet den)..............................................21

Whitaker v. Huffaker, 790 S.W.2d 761
        (Tex.  App. El Paso 1990 writ den)...............................................................29

Yarbrough v. Household Finance Corp., 455 S.W.3d 277
        (Tex. App. Houston [14th Dist] 2014 no pet)................................................19

## Statutes and Rules

Texas Business Organizations Code

        Section 101.254(a)........................................................................................25

Texas Civil Practices & Remedies Code

        Chapter 38.............................................................................................Passim

        Section 38.001.......................................................................................Passim

        Section 38.003.......................................................................................29-32

        Section 38.004.......................................................................................28-31

        Section 38.005...........................................................................................30

        Section 51.014(d).......................................................................................11

# RECORD REFERENCES

References in this brief designated "CR" are to  the Clerk's Record.

Those designated "Supp CR" are to the supplemental clerk's record.   Those

designated "Appellants' App" are to the appendix to the brief ("appellants' brief")

filed in this appeal by Edom Corner and Berry.  Those designated "Appellee's App"

are to the appendix to this brief.    Those designated  "RR" are to the Reporter's

Record.

## STATEMENT OF THE CASE

Edom Corner and Berry have perfected this appeal from the final summary judgment ("the final judgment") (CR Vol. 9 pp. 1619-1622, Appellants' App B) by which the District Court, after having determined the controlling issues of law, taken judicial notice of the District Court's files and usual and customary attorney fees, and determined that Edom Corner and Berry failed to rebut the statutory presumption that those usual and customary attorney fees were reasonable, entered summary judgment awarding Mary Ellen's, as the prevailing party, recovery from Edom Corner and Berry, jointly and severally, the attorney fees and costs incurred by Mary Ellen's in prior litigation ("the Edom litigation") and this action. The awards were predicated on the provisions of a lease ("the lease") and Chapter 38 of the Texas Civil Practices & Remedies Code ("Chapter 38"). The Edom litigation consisted of 13 separate proceedings, including three forcible detainer actions and appeals; a mandamus proceeding seeking supersedeas determination; proceedings in the District Court, the Court of Appeals, and the Texas Supreme Court by which Edom Corner and Berry unsuccessfully sought disqualification of counsel for Mary Ellen's; two garnishment actions; and an injunction action.

## STATEMENT REGARDING ORAL ARGUMENT

Mary Ellen's does not believe that oral argument is warranted on this appeal. However, if the Court grants oral argument on this appeal, Mary Ellen's requests the opportunity to participate.

## ISSUES PRESENTED IN REPLY

FIRST ISSUE: WHETHER THE DISTRICT COURT CORRECTLY CONCLUDED THAT MARY ELLEN'S, AS THE PREVAILING PARTY IN THE EDOM LITIGATION, IS ENTITLED TO RECOVER THE ATTORNEY FEES AND COSTS INCURRED BY MARY ELLEN'S IN THE EDOM LITIGATION AND THIS ACTION

SECOND ISSUE: WHETHER THE DISTRICT COURT CORRECTLY CONCLUDED THAT NEITHER RES JUDICATA NOR COLLATERAL ESTOPPEL BARRED MARY ELLEN'S FROM ASSERTING ANY OR ALL OF THE CLAIMS IN THIS ACTION

THIRD ISSUE: WHETHER THE DISTRICT COURT CORRECTLY CONCLUDED THAT EDOM CORNER AND BERRY ARE JOINTLY AND SEVERALLY LIABLE TO MARY ELLEN'S FOR THE ATTORNEY FEES AND COSTS INCURRED BY MARY ELLEN'S IN THE EDOM LITIGATION AND THIS ACTION

FOURTH ISSUE: WHETHER THE DISTRICT COURT CORRECTLY ENTERED SUMMARY JUDGMENT AWARDING MARY ELLEN'S RECOVERY FROM EDOM CORNER AND BERRY THE ATTORNEY FEES AND COSTS INCURRED BY MARY ELLEN'S IN THE EDOM LITIGATION AND THIS ACTION

NO. 12-14-00365-CV

IN THE COURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
AT TYLER

EDOM CORNER, LLC, and EARL A. BERRY, JR.,

Appellants

vs.

IT'S THE BERRYS, LLC, doing business as
MARY ELLEN'S,

Appellee

BRIEF AND APPENDIX FOR APPELLEE

## STATEMENT OF FACTS

### A.    The parties; the lease

Edom Corner was a limited liability company of which Berry, a

sophisticated attorney with expertise in real estate and finance, was a managing

member and the registered agent (CR 476, 478, 562). Mary Ellen's was a limited

liability company of which Mary Ellen Malone ("Malone"), Berry's sister, was the

managing member (CR 478 ). Berry, who authored the lease, controlled all matters

pertaining to the lease and the Edom litigation (CR 539-540).

The lease (CR 134-140; Appellees' App A), dated September 1, 2004, leased to Mary Ellen's, as tenant, premises ("the leased premises") located in Edom, Van Zandt County, Texas for a term which was to expire on August 31, 2007. Executed by Berry and his wife as managing members of Edom Corner, the lease (p.1) identified Edom Corner as "Landlord" and provided (p.2), under the heading "Definitions", that "'Landlord' means Landlord and its agents, employees, invitees, licensees, or visitors." Section E.14 of the lease provided, "*Attorney's fees.* If either party retains an attorney to enforce this Lease, the party prevailing in litigation is entitled to recover reasonable attorney's fees and court and other costs." Section E.16 of the lease provided, "*Defaults by Landlord/Events.* Defaults by Landlord are failing to comply with any provision of this Lease within thirty days after written notice and failing to provide Essential Services to Tenant after ten days written notice." Section E.7 of the lease provided, "*Defaults by Landlord/Tenant's Remedies.* Tenant's remedies for Landlord's default are to sue for damages".

## B.    The Edom litigation; the presentment

Beginning in April of 2006 Edom Corner, through its managing member Berry, commenced, fomented and pursued the Edom litigation, the objectives of

which were (1) to evict Mary Ellen's from the leased premises, and (2) to recover from Mary Ellen's the attorney fees and court and other costs incurred by Edom Corner and Berry in the Edom litigation.  The Edom litigation (CR 143-144 ) consisted of the following:

Edom Corner, LLC, a Texas Limited Liability Company, vs. It's The Berrys, LLC, a Texas Limited Liability Company, doing business as Mary Ellen's, cause number E40196 in the Justice Court, Precinct 4, Van Zandt County, Texas ("the first forcible detainer action");

Edom Corner, LLC a Texas Limited Liability Company, vs. It's The Berrys, LLC, a Texas Limited Liability Company doing business as Mary Ellen's, cause number 06-00428 in the 294th Judicial District Court of Van Zandt County, Texas ("the first forcible detainer action");

In re It's The Berrys, LLC doing business as Mary Ellen's, Relator, cause number 12-06-00298-CV in the Court of Appeals for the Twelfth District of Texas at Tyler ("the Tyler mandamus");

It's The Berrys, LLC doing business as Mary Ellen's, Appellant, vs. Edom Corner, LLC, Appellee, cause number 12-06-00328-CV in the Court of Appeals for the Twelfth District of Texas at Tyler ("the first forcible detainer appeal");

Edom Corner, LLC Plaintiff vs. Park Cities Bank, Garnishee, cause number 06-00829in the 294th Judicial District Court of Van Zandt County, Texas ("the Park Cities garnishment");

Edom Corner, LLC, Plaintiff, vs. First State Bank of Ben Wheeler, Garnishee, cause number 06-0830 in the 294th Judicial District Court of Van Zandt County, Texas ("the Ben Wheeler garnishment");

It's The Berrys, LLC dooing business as Mary Ellen's, Appellant vs. Eom Corner, LLC, Appellee, cause number 07-06-00390-CV in the Court of Appeals for the Seventh District of Texas at Amarillo ("the

first forcible detainer appeal");

Edom Corner, LLC, a Texas Limited Liability Company, Plaintiff, vs. It's The Berrys, LLC, a Texas Limited Liability Company doing business as Mary Ellen's, Defendant, cause number E40222 in the Justice Court, Precinct 4, Place 1, Van Zandt County, Texas ("the second forcible detainer action");

Edom Corner, LLC, a Texas Limited Liability Company, Appellant, vs. It's The Berrys, LLC, a Texas Limited Liability Company doing business as Mary Ellen's, Appellee,  cause number 07-00187 in the 294th Judicial District Court of Van Zandt County, Texas ("the second forcible detainer appeal");

In re Edom Corner, LLC, Relator, cause number 07-00537 in the Texas Supreme Court ("the Supreme Court mandamus");

It's The Berrys, LLC doing business as Mary Ellen's, Plaintiff vs. Edom Corner, LLC, Defendant, cause number 07-00341 in the 294th Judicial District Court of Van Zandt County, Texas ("the injunction action")

Edom Corner, LLC, a Texas Limited Liability Company, Plaintiff, vs. It's The Berrys, LLC, a Texas Limited Liability Company doing business as Mary Ellen's, Defendant, cause number E40233 in the Justice Court, Precinct 4, Place 1, Van Zandt County, Texas ("the third forcible detainer action"); and

Edom Corner, LLC, a Texas Limited Liability Company, Appellant, vs. It's The Berrys, LLC, a Texas Limited Liability Company doing business as Mary Ellen's, Appellee, cause number CV04237 in the County Court, Van Zandt County, Texas ("the third forcible detainer appeal").

Edom Corner moved for and obtained transfer of the first forcible detainer action from the Justice Court to the District Court (CR 444).  The first forcible detainer appeal was an appeal by Mary Ellen's from the District Court's judgment

("the first forcible detainer judgment") (CR 361-362) in the first forcible detainer action, which had decreed eviction of Mary Ellen's from the leased premises and awarded Edom Corner recovery of attorney fees and costs in the aggregate amount of $92,583.83, based upon hourly rates charged by the attorneys for Edom Corner and Berry which exceeded by $75.00 per hour the rates charged by the attorneys for Mary Ellen's in the Edom litigation (CR 1273, 1442). After the first forcible detainer appeal was transferred from this Court to the Court of Appeals for the Seventh District of Texas ("the Seventh Court of Appeals") pursuant to the docket equalization statute, the Seventh Court of Appeals reversed the first forcible detainer judgment and dismissed the first forcible detainer action, *It's the Berrys, LLC vs. Edom Corner, LLC,* 271 S.W.3d 765 (Tex. App. Amarillo 2008 no pet), holding that the District Court lacked subject matter jurisdiction of the first forcible detainer action,. Addressing the counterclaim filed by Mary Ellen's in the first forcible detainer action for declaratory relief and attorney fees, the Seventh Court of Appeals reasoned that because the District Court "lacked subject matter jurisdiction to adjudicate [the first forcible detainer action], that cause, including the award of statutory and contractual attorney's fees and costs to Edom Corner, must be set aside and dismissed", and that "In the same way, [the District Court] had no jurisdiction to award attorney's fees to [Mary Ellen's]", 271 S.W.3d at 772.

The Tyler mandamus was a proceeding in which Mary Ellen's obtained from this Court an order ("this Court's mandamus order"), despite vigorous resistance by Edom Corner and Berry, directing the District Court to determine the amount required to supersede and suspend enforcement of the entirety of the first forcible detainer judgment pending the first forcible detainer appeal, *In re It's The Berrys, LLC,* 2006 WL 3020353 (Tex. App. Tyler 2006 orig. proceeding). The District Court complied with this Court's mandamus order by determining the requisite amount of security (far less than the exorbitant amount sought by Edom Corner and Berry) and Mary Ellen's superseded the entirety of the first forcible detainer judgment, which was reversed on appeal (CR 442-452).

The Park Cities garnishment and the Ben Wheeler garnishment were attempts by Edom Corner and Berry to garnish the bank account of Mary Ellen's and the personal bank account of Malone (CR 457-464, 468-475). The District Court dissolved both garnishments (CR 454-456, 475-476).

The second forcible detainer appeal was an appeal by Edom Corner from the Order of Abate and Dismiss ("the second forcible detainer order") entered in the second forcible detainer action (CR 379), which was another attempt by Edom Corner and Berry to evict Mary Ellen's from the leased premises and recover attorney fees from Mary Ellen's.

After Edom Corner and Berry unsuccessfully sought from the District Court (CR 476-477) and the Seventh Court of Appeals (CR 478-485) orders disqualifying counsel for Mary Ellen's, Edom Corner and Berry commenced the Supreme Court mandamus, seeking, inter alia, an order from the Texas Supreme Court directing the Seventh Court of Appeals to disqualify counsel for Mary Ellen's (CR 481-482). The Texas Supreme Court denied the Supreme Court mandamus (CR483-484).

The injunction action was an attempt by Mary Ellen's to enjoin Edom Corner and Berry from implementing a threatened forcible removal of Mary Ellen's from the leased premises (CR 310-316). The District Court, finding credible Berry's representation of an intent to attempt removal of Mary Ellen's from the leased premises only by lawful judicial process, declined to enter a temporary injunction (CR 317).

The third forcible detainer appeal was the appeal by Edom Corner from the judgment ("the third forcible detainer judgment") denying the third attempt by Edom Corner and Berry, in the third forcible detainer action, to evict Mary Ellen's from the leased premises and recover attorney fees from Mary Ellen's (CR 322).

Despite the Edom litigation, Edom Corner and Berry never evicted Mary Ellen's from the leased premises and never recovered attorney fees or costs from Mary Ellen's. After the lease expired, Mary Ellen's voluntarily vacated the leased

premises (CR 132); Edom Corner, Berry and Mary Ellen's then nonsuited all claims in the second forcible detainer appeal, the injunction action, and the third forcible detainer appeal (CR 487-502); and, in the first forcible detainer appeal, the Seventh Court of Appeals' reversal of the first forcible detainer judgment and dismissal of the first forcible detainer action were issued and became final (CR 437, 453).

By letter to counsel for Edom Corner and Berry dated January 1, 2009 ("the presentment") counsel for Mary Ellen's stated that as prevailing party in the Edom litigation Mary Ellen's was entitled under section E.14 of the lease to recover the attorney fees and court and other costs incurred by Mary Ellen's in the Edom litigation and demanded payment of those amounts within 60 days (CR 150-152).

C.    **The pleadings; the summary judgment motions and evidence**

Mary Ellen's alleged in this action that a cause of action against Edom Corner and Berry for breach of contract arose out of the failure to pay the amounts demanded in the presentment, entitling Mary Ellen's, under sections E.14, E.16 and E.7 of the lease and Chapter 38 of the Texas Civil Practices & Remedies Code ("Chapter 38"), to recover from Edom Corner and Berry, jointly and severally, the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and in this action (CR 568-582 ).  Edom Corner and Berry denied those allegations,  alleged the affirmative defense that res judicata and collateral estoppel barred the claims of

Mary Ellen's, and sought recovery from Mary Ellen's of the attorney fees and costs incurred by Edom Corner and Berry in this action (CR 210-217 ).

Mary Ellen's filed an original and three amended motions for summary judgment; the original and amended affidavits of Malone; and the original, amended and supplemented affidavits of the attorneys for Mary Ellen's. The amended affidavit of Malone showed that despite the Edom litigation Mary Ellen's was never evicted from the leased premises but instead voluntarily vacated the leased premises upon expiration of the lease, and that Mary Ellen's was never held liable for any attorney fees or costs incurred by Edom Corner or Berry (CR 131-140). The amended and supplemental affidavits of counsel for Mary Ellen's (a) were accompanied by statements for services rendered in the Edom litigation and in this action, and documentary evidence of the litigation; and (b) expressed the expert opinions based upon their personal knowledge, education and experience, that the attorney fees and costs sought in this action were usual, customary, reasonable and necessary (CR 141-203, 433-502, 514,565, 1065-1075). The third amended motion for summary judgment filed by Mary Ellen's (CR 1435-1455) (a) cited the supporting affidavits of Malone and counsel for Mary Ellen's; (b) cited the District Court's statutory authority under Chapter 38 to "take judicial notice of the usual and customary attorney's fees and the contents of the case file without

receiving further evidence" and the presumption under Chapter 38 that the "usual and customary attorney's fees are ... reasonable"; and (c) sought summary judgment awarding Mary Ellen's recovery from Edom Corner and Berry, jointly and severally, attorney fees and costs aggregating $135,283.42 for services rendered in the Edom litigation and $60,000.00 for services rendered and to be rendered  in prosecuting this action.

Edom Corner and Berry moved for summary judgment "against Plaintiff" and "for attorney's fees as prayed for and proved..."   (CR 259-425 ) .   Based upon hourly rates which exceeded by $25.00 per hour the rates charged by the attorneys for Mary Ellen's, Edom Corner and Berry claimed entitlement to recovery from Mary Ellen's of attorney fees and costs aggregating $112,500 for defending this action through final judgment (CR 268-275,1276 ).  In addition,  Edom Corner and Berry filed an affidavit ("the controverting affidavit") (CR 1137-1267 ) purporting to controvert the motions for summary judgment of Mary Ellen's based upon "billing procedures" and "items of concern" in the billing statements of counsel for Mary Ellen's (CR1140-1143).  The controverting affidavit did not, however, challenge the assertions in the affidavits of counsel for Mary Ellen's that the amounts  of the fees and costs sought were usual, customary and reasonable.

## D.    The District Court's conclusions

Edom Corner, Berry and Mary Ellen's jointly moved ("the joint motion") (CR 1050-1056) pursuant to Texas Civil Practices & Remedies Code Section 51.014(d) for an order determining the controlling issues of law in this action and permitting an interlocutory appeal. By order ("the order on joint motion") (CR 1428-1431; Appellants' App A) signed May 7, 2014 the District Court (1) determining the controlling issues of law, concluded that (a) Mary Ellen's was the prevailing party in the Edom litigation, (b) as the prevailing party Mary Ellen's was entitled to recover the attorney fees and costs incurred in the Edom litigation and this action, (c) Edom Corner and Berry were jointly and severally liable to Mary Ellen's for those attorney fees and costs, (d) neither res judicata nor collateral estoppel barred the claims of Mary Ellen's in this action, and (e) Edom Corner and Berry were not entitled to recover attorney fees or costs in this action; and (2) granted permission for an interlocutory appeal.

## E.     The interlocutory appeal

Edom Corner and Berry filed an interlocutory appeal ("the interlocutory appeal") (CR 1431-1435) from the order on joint motion; the interlocutory appeal was docketed in this Court under Cause number 12-14-00131-CV. By opinion and judgment dated June 14, 2014, this Court denied permission for the interlocutory appeal (CR 1456-1459). After granting the motion for rehearing filed by Edom

Corner and Berry, this Court by opinion and judgment dated January 21, 2015 dismissed the interlocutory appeal as moot based upon the District Court's entry of the final judgment (CR 1400-1401).

**F.     The final judgment**

The final judgment (CR 1619-1622; Appellants' App B) (1) recited the District Court's conclusions that, inter alia, Edom Corner and Berry were jointly and severally liable for the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and in this action; (2) recited that the District Court exercised the statutory authority to take judicial notice of the Court's file and that the amounts of attorney fees and costs awarded were usual and customary; (3) recited the District Court's determination that Edom Corner and Berry failed to rebut the statutory presumption that those usual and customary attorney fees and costs were reasonable; and (4) awarded Mary Ellen's recovery from Edom Corner and Berry, jointly and severally, $135,283.42 representing the attorney fee and costs incurred by Mary Ellen's in the Edom litigation, and $60,000.00 representing the attorney fees and costs incurred and to be incurred in this action.

**SUMMARY OF ARGUMENT**

Both collectively and separately, Mary Ellen's was the prevailing party in the Edom litigation. Collectively, Edom Corner and Berry achieved neither of the two

objectives for which they pursued the Edom litigation. Thus, Mary Ellen's successfully defended the collective claims of Edom Corner and Berry, and therefore prevailed in the Edom litigation. Separately, Edom Corner and Berry nonsuited the second forcible detainer appeal and the third forcible detainer appeal to avoid inevitable adverse judgments; those nonsuits, together with the Seventh Court of Appeals' dismissal of the first forcible detainer action, foreclosed any further forcible detainer cause of action against Mary Ellen's to enforce the lease. Thus, Mary Ellen's successfully defended the separate claims of Edom Corner and Berry, and therefore prevailed in the Edom litigation. Moreover, Mary Ellen's recovered damages on a valid claim in the Edom litigation, entitling Mary Ellen's to recover the attorney fees and costs incurred in this action.

Accordingly, under the lease and Chapter 38, Mary Ellen's is entitled to recover the attorney fees and costs incurred in the Edom litigation and this action. Moreover, both Edom Corner and Berry were within the lease's broad definition of "Landlord" and are therefore jointly and severally liable to Mary Ellen's for those fees and costs. No final judgment on the merits by a court with competent jurisdiction barred, by res judicata or collateral estoppel, recovery by Mary Ellen's of those fees and costs. Finally, the District Court properly took judicial notice of the usual and customary amounts of those fees and costs, and correctly determined

that Edom Corner and Berry failed to rebut the statutory presumption that the amounts of those usual and customary fees and costs were reasonable. Mary Ellen's submits, therefore that the final judgment should be affirmed.

# ARGUMENT

## A.     Standard of Review

This Court reviews "summary judgment de dovo", *Valerus Compression Services v. Gregg County Appraisal District* ___ S.W.3d ___, 2015 WL 82938 at *2 (Tex. App. Tyler 2015 no pet).

## B.     The District Court correctly concluded that Mary Ellen's, as the prevailing party in the Edom litigation, is entitled to recover the fees and costs incurred in the Edom litigaton and this action

Texas courts apply the American rule, under which "litigants' attorney's fees are recoverable only if authorized by statute or contract between the parties," *Intercontinental Group Partnership v. KB Lone Star LP,* 295 S.W.3d 650, 653 (Tex. 2009). Chapter 38 at Texas Civil Practices Code Section 38.001 ("Section 38.001"), the applicable Texas statute, provides for recovery of "reasonable attorney's fees ... in addition to the amount of the amount of a valid claim and costs ... for ... an oral or written contract." In addition, "Parties are free to contract for a a fee–recovery standard either broader or stricter than" Chapter 38, *Intercontinental*, 295 S.W.3d at 653. The parties to this action did so by agreeing in section E.14 of the lease that if

"either party retains an attorney to enforce this Lease, the party prevailing in litigation is entitled to recover reasonable attorney's fees and court and other costs." In this action the District Court concluded that Mary Ellen's, as the prevailing party, is entitled to recover the attorney fees and costs incurred in the Edom litigation and this action under the lease and Chapter 38. As shown below, those conclusions were eminently correct.

1. **Mary Ellen's prevailed on the collective claims of Edom Corner and Berry in the Edom litigation**

Unquestionably, Edom Corner and Berry retained attorneys to enforce the lease. Through their attorneys, they commenced, fomented and pursued the lengthy and protracted Edom litigation with the objectives of evicting Mary Ellen's from the leased premises and recovering attorney fees and costs from Mary Ellen's, based upon claimed violations of the lease by Mary Ellen's. However, after the litigation culminated, Edom Corner and Berry failed to achieve either objective; Mary Ellen's was neither evicted from the leased premises nor held liable to Edom Corner or Berry for any attorney fees or costs. Accordingly, "[Mary Ellen's] was the 'prevailing party' because [Mary Ellen's] successfully defended all of [Edom Corner's and Berry's] claims. Thus, [Mary Ellen's] is entitled to recover [its] costs and attorney's fees ..", *Robbins v. Capozzi,* 100 S.W.3d 18, 27 (Tex. App. Tyler 2002 no pet); see also *Goldman v. Olmstead,* 414 S.W.3d 346, 367 (Tex. App.

Dallas 2013 no pet) ("A prevailing party is the party who successfully prosecutes a cause of action or defends against it ... [Mary Ellen's] successfully defended [Edom Corner's and Berry's] claims and, therefore, [is prevailing party] under the contract").

### 2. Mary Ellen's prevailed on the separate claims of Edom Corner and Berry in the Edom litigation

*Epps v. Fowler,* 351 S.W.3d 862 (Tex. 2011) involved a contract which provided that "the prevailing party to any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party." After finding "federal cases focusing on the meaning of prevailing party instructive", 351 S.W.3d 866-868, the Texas Supreme Court adopted the principle enunciated by federal courts that a defendant is the prevailing party when the plaintiff nonsuits "to avoid an unfavorable ruling on the merits," id., at 870.

Federal courts focusing on the definition of prevailing party, which the Texas Supreme Court in *Epps* found "instructive", also hold that when a dismissal for want of jurisdiction forecloses the plaintiff's claim because the cause of action no longer exists, the "'defendant is the prevailing party'", *El Paso Independent School District v. Berry,* 410 Fed. Appx. 947, 2010 WL 4459735 at n.10 (5th Cir. 2010).

Citing *Citizens for a Better Environment v. The Steel Co.,* 230 F.3d 923 (7th

Cir. 2000) and *Grynberg v. Praxair, Inc.,* 389 F.3d 1038 (10th Cir. 2004) the brief ("appellants' brief") filed in this appeal by Edom Corner and Berry argues (pp. 19-20) that because the Seventh Court of Appeals' dismissal of the first forcible detainer action "did not foreclose another suit ... [Mary Ellen's] was not the prevailing paty."  Both decisions cited for that argument, however, held that if a dismissal for want of jurisdiction forecloses further action because the cause of action no longer exists, the defendant is the prevailing party, *Citizens,* 230 F.3d at 929-930 (" ... success on a fundamental jurisdictional point can make a litigant a 'prevailing party' ... When a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'"); *Grynberg,* 389 F.3d at 1057-58 (Because the cause of action no longer existed after a dismissal for want of jurisdiction, "Grynberg is now prohibited from bringing further claims on these facts, Praxair is a prevailing party").  Indeed, Texas courts have consistently held that a defendant who seeks and obtains dismissal of the action is the prevailing party. In *Insurance Co., of the State of Pennsylvania v. Orosco,* 170 S.W.3d 129 (Tex. App. San Antonio 2005 no pet), relied on  in appellants' brief (pp. 18-19) the court held, "Here, Orosco sought and obtained dismissal of appellant's claim against him. Therefore, he 'prevailed'" 170 S.W.3d at 134; see also *Edwards Aquifer Authority v. Horton,* 2010 WL 374551 at *2 (Tex. App. San Antonio 2010 pet den) ("Here EAA

sought and obtained dismissal of Horton and Del Papa's claims against it.

Therefore, EAA prevailed, and was entitled to recover attorney's fees").

In this action Edom Corner and Berry launched and pursued their crusade against Mary Ellen's by commencing the first forcible detainer action, the second forcible detainer action and the third forcible detainer action. They perfected the second forcible detainer appeal and the third forcible detainer appeal from the Justice Courts' adverse determinations. Their litigation tactics included vigorously and unsuccessfully resisting efforts by Mary Ellen's to supersede the entirety of the first forcible detainer judgment pending the first forcible detainer appeal; unsuccessfully attempting, before the ink was dry on this Court's mandamus order, to garnish not only the bank account of Mary Ellen's but also the personal bank account of Malone (contrary to appellants' brief (pp. 20-21), those attempted garnishments did not "force" Mary Ellen's to supersede the first forcible detainer judgment); and repeatedly and unsuccessfully attempting to obtain from the District Court, the Seventh Court of Appeals and the Texas Supreme Court orders disqualifying the attorneys for Mary Ellen's. They fomented the injunction action by threatening forcible removal of Mary Ellen's from the leased premises. During the pendency of those proceedings, the lease expired and Mary Ellen's vacated the leased premises, thereby nullifying any forcible detainer cause of action against

Mary Ellen's under the lease, *Yarbrough v. Household Finance Corp.,* 455 S.W.3d 277, 280 (Tex. App. Houston [14th Dist] 2015 no pet) ("A forcible detainer action requires proof of a landlord-tenant relationship").   Edom Corner and Berry then nonsuited the second forcible detainer appeal and the third forcible detainer appeal, thus avoiding the inevitable adverse determinations of those appeals.  The Seventh Court of Appeals' reversal of the first forcible detainer judgment and dismissal of the first forcible detainer action were subsequently issued and became final, which likewise foreclosed any further forcible detainer cause action against Mary Ellen's to enforce the lease.   Thus, the state and federal authorities discussed above are entirely consistent with, and fully support, the District Court's conclusion that Mary Ellen's, as the prevailing party, is entitled to recover the attorney fees and costs incurred in the Edom litigation.

3. **Mary Ellen's is entitled to recover the attorney fees and costs incurred in this action**

Citing *In re Nalle Plastics Family Limited Partnership,* 406 S.W.3d 168 (Tex. 2013), appellants' brief (pp. 34-35) argues that Section 38.001 does not entitle Mary Ellen's to recover the attorney fees and costs incurred in this action because Section 38.001 requires recovery of "damages" and the "only 'damages' sought by [Mary Ellen's] ... are the attorney's fees incurred in [the Edom litigation]" which "are not damages as construed in" Section 38.001.  However, the Texas Supreme Court in

*Nalle Plastics* explicitly held that where, as in this action, the underlying "suit concerns a claim for attorney's fees as an element of damages, ... then those fees may properly be included in a judge's or jury's compensatory damages award", 406 S.W.3d at 175.  Consequently, recovery by Mary Ellen's of the attorney fees and costs incurred in the Edom litigation constituted recovery of damages on a valid claim, entitling Mary Ellen's under Section 38.001 to recover, in addition to those damages, the attorney fees and costs incurred in prosecuting this action; the District Court correctly so concluded.

**C.      The District Court correctly concluded that neither res judicata nor collateral estoppel barred  the claims of Mary Ellen's in this action**

"Res judicata presumes that the prior judgment was rendered by a court of competent jurisdiction ... Thus, res judicata does not bar the subsequent litigation of a counterclaim over which the prior court lacked jurisdiction ... Similarly, collateral estoppel does not apply if the previous trial court lacks the jurisdiction to make a full and final adjudication of the defendant's counterclaim," *In re Morley & Morley, P.C.,* 2008 WL 5085131 at *2 (Tex. App. Houston [14th Dist] 2008 orig. proceeding); as the Texas Supreme Court held in *Ingal v/ Brightstar Information Technology Group,* 250 S.W.3d 78, 82 (Tex. 2008) cited in appellants' brief (pp. 24, 26), "Res judicata does not apply when the initial tribunal lacks subject matter jurisdiction".   Moreover, "Where a party takes a voluntary nonsuit of its claims, res

judicata does not attach", *Cooper v, Cochran,* 288 S.W.3d 522, 538 (Tex. App. Dallas 2009 no pet); see also *Welch v. Hrabar,* 110 S.W.3d 601, 608 (Tex. App. Houston [14th Dist] 2003 pet den) (" ... if the plaintiff takes a voluntary nonsuit, res judicata does not impede subsequent actions").  As shown below, the District Court correctly applied those principles and concluded that neither res judicata nor collateral estoppel barred the claims of Edom Corner in this action.

> 1.     **The Seventh Court of Appeals did not "affirm" any denial of the claim of Mary Ellen's for attorney fees and costs**

Appellants' brief (pp. 18-19) argues that because the Seventh Court of Appeals overruled the appellate issue advanced by Mary Ellen's "as to its claim for attorney's fees," the District Court's "denial of an award of attorneys' fees to [Mary Ellen's] in [the first forcible detainer action] was a final order" barring the claims by Mary Ellen's in this action.   However, the Seventh Court of Appeals did not overrule that issue on the merits; the Seventh Court of Appeals overruled the issue based upon the Seventh Court of Appeals' determination that the District Court lacked subject matter jurisdiction either to award "statutory and contractual attorney's fees to Edom Corner" or to "award attorney's fees to [Mary Ellen's]" 271 S.W.3d at 772.   Thus, the authorities cited above demonstrate that, as the District Court correctly concluded,  no aspect of either the first forcible detainer judgment, or the Seventh Court of Appeals' determination of the first forcible detainer appeal, in

any respect barred the claims of Mary Ellen's in this action.

**2.  The counterclaim of Mary Ellen's in the first forcible detainer action did not confer subject matter jurisdiction**

Appellants' brief (pp. 24-26) argues that Mary Ellen's "deliberately ignored that its" counterclaim for declaratory relief in the first forcible detainer action was "subject to the jurisdiction of" the District Court, and the District Court's "denial" of that counterclaim was "affirmed by the appellate court", barring Mary Ellen's "by res judicata from making the same claim in this suit."  The principal flaw in those arguments is that a "litigant's request for declaratory relief cannot confer subject matter jurisdiction on the court, nor can it change the basic character of the suit," *State v. Morales,* 869 S.W.2d 941,947 (Tex. 1994); see also *Dann v. Municipal Water Authority,* 2007 WL 2460058 at *5 (Tex. App. Tyler 2007 no pet) ("A request for declaratory relief does not change the basic character of the suit or confer jurisdiction on a court").  Accordingly, the Seventh Court of Appeals aptly and conclusively held that the District Court in the first forcible detainer action lacked jurisdiction to adjudicate the counterclaim of Mary Ellen's; thus no aspect of the first forcible detainer judgment barred this action.

**3.  The second forcible detainer order and the third forcible detainer judgment were not resurrected and denial of the Supreme Court mandamus had no res judicata or collateral estoppel effect**

Citing *Twin City Fire Ins. Co., v. Vega-Garcia,* 223 SW.3d 762 (Tex. App. Dallas 2007 pet den) appellants' brief (pp. 21-22) argues that the nonsuits by Edom Corner and Berry of the second forcible detainer appeal and the third forcible detainer appeal resurrected the second forcible detainer order and the third forcible detainer judgment, neither of which awarded attorney fees to Mary Ellen's; thus, according to appellants' brief, res judicata barred the claims of Mary Ellen's in this action for attorney fees and costs incurred in the second forcible detainer action and the third forcible detainer action.   However, unlike the workers' compensation award involved in *Twin City,* dismissal of an appeal from a justice court judgment "does not result in the reinstatement of the justice court's judgment," and has "no effect on ... ability to again file suit regarding the matter," *Rodriguez v. Seider,* 2005 WL 723682 at \*3 n.2 (Tex. App. Austin 2005 no pet); see also *Poole v. Goode,* 442 S.W.2d 810, 813 (Tex. Civ. App. Houston [14th Dist] 1969 error ref'd n.r.e.) ("'The judgment of the justice court was vacated by the appeal, and the voluntary dismissal of the case did not restore the vacated judgment, but put all parties out of court'" quoting *Harter v. Curry,* 105 S.W. 988, 989 (Tex. 1907).  Moreover, the denial of the Supreme Court mandamus had no res judicata or collateral estoppel effect: "...the failure to grant mandamus relief 'is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was

available,'" *Sheikh v. Sheikh,* 248 S.W.3d 381, 394 n. 7 (Tex. App. Houston [1st Dist] 2007 no pet quoting *In re AIU Ins. Co.,* 148 S.W.3d 109, 119 (Tex. 2004)). Thus, the second forcible detainer order, the third forcible detainer judgment and the denial of the Texas Supreme Court mandamus could not bar any of the claims of Mary Ellen's in this action; the District Court correctly so concluded.

**D.   The District Court correctly concluded that Edom Corner and Berry are jointly and severally liable for the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and this action**

"Generally, agents are not liable for claims or debts incurred by a disclosed principal. ... If, however, the agent explicitly or implicitly obligates himself or herself to the contract, then the agent may be held liable for a debt undertaken on a principal's behalf," *Collins v. Guinn,* 102 S.W.3d 825, 835 (Tex. App. Texarkana 2003 pet den) "When an agent contracts for a disclosed principal the agent generally is not liable on the contracts he makes. ... However, an agent of a known principal may be personally liable if the agent ... has pledged his own responsibility in addition to that of the principal ... This liability can be by express agreement, or in the absence of express agreement, by circumstances showing that he has either expressly or impliedly assumed such liability," *Medicamp, Inc, v. Capital Cities Communications, Inc.,* 698 S.W.2d 207, 211 (Tex. App. Houston [1st Dist] 1985 no writ); see also *Vincent Murphy Chevrolet Co., v. Auto Auctions, Inc.,* 413 S.W.2d

474, 477-78 (Tex. Civ. App. Eastland 1967 error ref'd n.r.e.) ("Where upon a construction of the contract it is determined that the agent has ... pledged his own responsibility in addition to that of his principal, he will be bound accordingly. His liability is not predicated upon his agency, but upon his contract obligation").

Applying those principles of "contract law and agency", the Texas Supreme Court in *In re Rubiola,* 334 S.W.3d 220, 224-25 (Tex. 2011) held that when a contract defined "parties" to include "individual partners, affiliates, officers, directors, employees, agents and the representatives of any party", that "broad definition, at minimum made ... officers and representatives ... parties to the agreement under the agreement's terms." In this action the lease defined the term "Landlord" to include "Landlord and its agents, employees, invitees, licensees and visitors." *Rubiola* demonstrates that under applicable principles of contract law and agency, "at minimum" the lease's broad definition of "Landlord" made "agents" of Edom Corner parties to the lease under the lease's terms. As controlling member of Edom Corner, Berry was by statute an "agent" of Edom Corner, Tex Bus. Org. Code §101.254(a) ("...each governing person of a limited liability company ... vested with actual or apparent authority ... is an agent of the company..."). Indeed, Berry was Edom Corner's registered agent. Accordingly, Berry, as an agent of Edom Corner, was a party to the lease and "bound accordingly," *Vincent Murphy,* 413 S.W.2d at

478.

Appellants' brief (pp.27-29) argues that this interpretation of the lease violates the requirement that courts avoid, "'when proper and possible'", a "'construction which is unreasonable, inequitable and oppressive'". However, "an 'unreasonable' construction refers to one that subverts the objective intent of the parties as manifested in the language of the contract documents and not one that merely dashes the idiosyncratic expectations of a losing litigant ... [The Court] cannot use 'unreasonableness' as a mandate for rewriting an unambiguous contract to make a questionable business decision more palatable for the party seeking to avoid it ... Parties to a contract are masters of their own choices ... They are entitled to select what terms and provisions to include in a contract before executing it ... [The Court] cannot change their agreement merely because ... one of the parties finds it distasteful," *Frost National Bank v. L & F Distributors, Ltd.,* 122 S.W.3d 922, 931 (Tex. App. Corpus Christi 2003) rv'd on other grounds 165 S.W.3d 310 (Tex. 2005); see also *Thedford Crossing, L.P. v. Tyler Rose Nursery, Inc.,* 306 S.W.3d 860, 867 (Tex. App. Tyler 2010 no pet) ("Finally, we enforce an agreement as written ... We are not permitted to rewrite an agreement to mean something it did not ... We cannot change the contract simply because ... one of the parties comes to dislike its provisions or thinks that something else is needed in it ... Parties to a contract are

masters of their own choices and are entitled to select what terms and provisions to include in or omit from a contract"). As the Texas Supreme Court stated more than a century ago, "Parties make their own contracts , and it is not within the province of this court to vary their terms in order to protect them from the consequences of their own oversights and failures in nonobservance of obligations assumed," *Dorrah-Kelly Mercantile Co., v. Orient Ins. Co.,* 135 S.W. 1165, 1167 (Tex. 1911).

In this action, Berry was not an "invitee, licensee or visitor" of Edom Corner. Berry was the sophisticated attorney with expertise in real estate and finance who, as governing member and agent of Edom Corner, authored the lease, controlled all matters pertaining to the lease, and controlled all facets of the Edom litigation. Thus, including Berry within the lease's broad definition of "Landlord" and, accordingly, holding Berry jointly liable with Edom Corner for breach of the lease's terms, were not "unreasonable, inequitable or oppressive"; indeed, rewriting the lease to enable Berry to avoid that liability would not have been "possible or proper". The final judgment therefore correctly held Berry jointly liable with Edom Corner for the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and this action.

**E.** **The District Court correctly entered summary judgment awarding Mary Ellen's recovery from Edom Corner and Berry the attorney fees and costs incurred by Mary Ellen's in the Edom litigation and in this action**

1. **The recovery was sought and obtained under the lease and Chapter 38**

Appellant's brief (p. 31) contends that the claims of Mary Ellen's "in this action [are] premised solely on the Texas Uniform Declaratory Judgments Act" which "is not available". The contention is nonsense. The pleadings of Mary Ellen's, the District Court's conclusions, and the final judgment were predicated on the lease and Chapter 38, both of which were definitely "available".

2. **The District Court properly considered "pleadings and affidavits previously filed but not attached"**

Relying on decisions such as *Gillam v. Sullivan,* 352 S.W.2d 507 (Tex. Civ. App. Fort Worth 1961 error ref'd n.r.e.) appellants' brief (pp. 31-32) argues that Mary Ellen's "had attached affidavits to prior motions for summary judgment ... but wholly failed to attach any summary judgment proof to" the third amended motion, and "reference to prior pleadings and affidavits previously filed but not attached to the motion for summary judgment is not proper summary evidence." More recent authority, however, holds otherwise, *Dixie Dock Enterprises v. Overhead Door Corp.,* 2002 WL 244324 at *3 (Tex. App. Dallas 2002 no pet) ("'[O]nce filed, an affidavit in support of summary judgment is subject to consideration in connection with a subsequent amended motion even though not attached to the latter'" quoting *Whitaker v. Huffaker,* 790 S.W.2d 761, 763 (Tex. App. El Paso 1990 writ den)).

Moreover, in this action for breach of contract, Chapter 38 at Texas Civil Practices & Remedies Code Section 38.004 ("Section 38.004") codified the District Court's power, in a "proceeding before the court", to "take judicial notice of the contents of the case  file without receiving further evidence."  Of course, "Summary judgment is a proceeding before the court" to which Section 38.004 applies, *Somers v. Aranda,* 322 S.W.3d 342, 346 (Tex. App. El Paso 2010 no pet).     Indeed, the District Court had the power to "take judicial notice of court records in a cause involving the same subject matter between the same parties ... Consequently, they were properly considered by the court in" rendering summary judgment, *Sparkman v. Kimmey,* 970 S.W.2d 654, 659 (Tex. App. Tyler 1998 pet den); see also *Suttles v. Kastleman,* 2002 WL 1729519 at *2 (Tex. App. Austin 2002 no pet) ("Applying [Chapter 38] we hold that the district court properly considered the affidavits, promissory note and summary judgment order contained in the case file" but not attached to the summary judgment motion under consideration).

3.    **Edom Corner and Berry failed to rebut the statutory presumption that the fees and costs, determined by the Court on judicial notice to be usual and customary, were reasonable**

In addition to empowering the District Court in this "proceeding before the court" to take "judicial notice of the contents of the case file", Section 38.004 also empowered the District to "take judicial notice of the usual and customary attorney's

fees". Moreover, Chapter 38 at Texas Civil Practices & Remedies Code Section 38.003 ("Section 38.003") established a statutory rebuttable presumption that "the usual and customary fees for a claim of the type described in Section 38.001 are reasonable". Accordingly, under Section 38.003 "'[I]t is presumed that the usual and customary fees for a claim of the type described in section 38.001 are reasonable,'" and Section 38.004 "permits a trial court in a proceeding before the court to take judicial notice of usual and customary fees as well as the contents of a case file to award attorney's fees under the statute, even without receiving additional evidence," *Van Nguyen v. Bui,* 2015 WL 1825658 at *3 (Tex. App. Austin 2015 no pet) citing the holding in *Flint & Assoc., v. Intercontinental Pipe & Steel, Inc.,* 739 S.W.2d 622, 626 (Tex. App. Dallas 1987 writ den) that the "trial court may determine reasonable attorney's fees based on knowledge of usual and customary rates and review of own file, even if no other evidence offered". In addition, Chapter 38 at Texas Civil Practices & Remedies Code Section 38.005 ("Section 38.005") requires that the Chapter be "liberally construed to promote its underlying purposes." Thus, in this breach of contract action that "was in effect, tried to the court in a summary judgment proceeding, ... the attorney's fee award is governed by Chapter 38 of the Code" under which the District Court could "take judicial notice of the usual and customary fees" which "are presumed reasonable", *Laredo*

*Independent School Dist., v. Trwevino,* 25 S.W.3d 263, 265-66 (Tex. App. San Antonio 2000 pet den); see also *Paez v. Trent Smith Custom Homes,* 2014 WL 1089751 at *4 (Tex. App. San Antonio 2014 no pet) ("Although there was no testimony at the default judgment hearing regarding attorney's fees, ... because the trial court 'may take judicial notice of the usual and customary and customary attorney's fees and of the contents of the case file without receiving further evidence,' there was sufficient evidence to support the ... award of attorney's fees"). Indeed, in determining on judicial notice the usual and customary fees, the District Court would not have been bound even by "stipulations or uncontroverted evidence regarding attorney's fees", *Hartis v. Century Furniture Industries, inc.,* 230 S.W.3d 723, 737-38 (Tex. App. Houston [14th Dist] 2007 no pet) (Under Section 38.003 and 38.004 the "trial court may take judicial notice of (1) the contents of the file to estimate the work involved, and (2) the customary fee for the claim involved, which is presumed to be reasonable ... The trial court is not bound by stipulations or uncontroverted evidence regarding attorney's fees").

In this action Edom Corner and Berry attempted to rebut the statutory presumption established in Section 38.003 by claiming through the controverting affidavit that the billing statements of the attorneys for Mary Ellen's contained "items of concern".  However, Edom Corner and Berry did not, and could not in

good faith, rebut the statutory presumption of reasonableness of $135,283.42, determined by the District Court on judicial notice to be usual and customary for services by the attorneys for Mary Ellen's in all of the thirteen proceedings which comprised the Edom litigation, and $60,000, determined by the District Court on judicial notice to be usual and customary for services rendered and to be rendered by the attorneys for Mary Ellen's in this action. Charging hourly rates which exceeded by $75.00 per hour the rates charged by the attorneys for Mary Ellen's, the attorneys for Mary Ellen's sought an award of $92,583.83 for services in only the first forcible detainer action; and charging hourly rates which exceeded by $25.00 per hour the rates charged by the attorneys for Mary Ellen's, the attorneys for Edom Corner and Berry sought an award of $112,500 for services rendered and to be rendered in this action. Thus, the District Court correctly concluded in the final judgment that Edom Corner and Berry failed to rebut the presumption that the fees and costs, determined by the District Court on judicial notice to be usual and cusomary, were reasonable.

## CONCLUSION AND PRAYER

The District Court in the final judgment correctly and properly awarded Mary Ellen's the attorney fees and costs to which Mary Ellen's was entitled as a matter of law. Mary Ellen's therefore prays that the final judgment be in all respects affirmed,

and for all additional appropriate relief.

Respectfully submitted,

/s/ Larry M. Lesh

Larry M. Lesh
State Bar No. 12225000
LAW OFFICE OF LARRY M. LESH
1 Forest Park Drive
Richardson, Texas 75080
(214) 237-8598
(972) 699-1456 Facsimile
lmlesh@sbcglobal.net

R. Paul Elliott
R. PAUL ELLIOTT
Attorney At Law
A Professional Corporation
301 S. Main
Canton, Texas 75103
(903) 567-4141
(903) 567-6228 Facsimile
rpe@elilaw.com

ATTORNEYS FOR MARY ELLEN'S

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(2)(A) as amended, the undersigned certifies that the word count of the computer program used to prepare the foregoing brief reflects that the foregoing brief contains 7504 words.


/s/ Larry M. Lesh
Larry M. Lesh

## CERTIFICATE OF SERVICE

A true copy of the foregoing brief for appellees  was served on the following counsel for Edom Coner and Berry by electronic transfer on the  21st  day of May, 2015:

Richard L Ray
Ray & Thatcher
Attorneys at Law
300 South Trade Days Blvd.
Canton, Texas 75103
rlray@rayandthatcher.com

Katherine A. Ferguson
Renshaw, Davis & Ferguson, L.L.P.
28900 Lee Street Suite 102
P.O. Box 21
Greenville, Texas 75403-0021
rdflawoffice@yahoo.com


/s/ Larry M. Lesh
Larry M. Lesh

# APPENDIX

## A.    The Lease

9035676228

*It's The Berrys*

## Retail Lease

## Terms

Date:                      September 1, 2004

Landlord:              Edom Corner, LLC, a Texas limited liability company

Landlord's Address:   1533 VZCR 4810, Chandler, Texas 75758

Shopping Center:     Edom Corner

Tenant:                  It's The Berrys, LLC, a Texas limited liability company

Tenant's Address:    9480 FM 279, Brownsboro, Texas

Tenant's Trade Name:     It's The Berrys

Premises  (See Exhibit A hereto)

    Approximate square feet: 2,950

    Name of Shopping Center: Edom Corner

    Street address/suite: 8334 FM 314

    City, state, zip: Brownsboro, Texas 75756 (physical location is Edom, Texas)

Base Rent (monthly): $1,100 for the First, Second and Third Lease Years; $1,800 for the Fourth Lease Year, with the monthly Base Rent being $1,836 in the Fifth Lease Year and $36 higher per month for each Lease Year thereafter. As an example, the monthly Base Rent for the Sixth Lease Year would be $1,872.

Term (months):   3 Lease Years, beginning on the Commencement Date and renewable at Tenant's option for one Lease Year at a time up to 12 more Lease Years after the Third Lease Year by Tenant providing written notice to Landlord between November 1st and November 30th of a Lease Year that Tenant desires to extend the term for the next succeeding Lease Year.

Tenant's Pro Rata Share:  An amount equal to $475 per month for the First, Second, Third and Fourth Lease Years; thereafter, commencing with the Fifth Lease Year, Tenant's Pro Rata Share shall be $9.50 higher per month for each Lease Year thereafter. For example, Tenant's Pro Rata Share for the Sixth Year would be $494 per month.

Initial Monthly CAM: N/A

Initial Monthly Tax and Insurance Charge: N/A

Operating Hours: N/A

DALLAS:38246/23552:1309603v1

**EXHIBIT**

*A*

9035676228

Commencement Date: September 1, 2004

Termination Date: August 31, 2007

Security Deposit: Waived

Use: Retail (non-food)

Lease Year: A period of twelve months commencing on September 1st of a given calendar year and ending on August 31st of the next succeeding calendar year.


## Definitions

"Rent" means Base Rent plus any other amounts of money due Landlord by Tenant.

"Common Areas" means all facilities and areas of the Shopping Center that are intended and designated by Landlord from time to time for the common, general, and nonexclusive use of all tenants of the Shopping Center. Landlord has the exclusive control over and right to manage the Common Areas.

"Landlord" means Landlord and its agents, employees, invitees, licensees, or visitors.

"Tenant" means Tenant and its agents, employees, invitees, licensees, or visitors.

"Essential Services" means utilities reasonably necessary for occupancy of the Premises for the Use, including gas, electricity, water, heating and air conditioning, and waste disposal services.

### Clauses and Covenants

A. **Tenant agrees to—**

1. Lease the Premises for the entire Term beginning on the Commencement Date and ending on the Termination Date, unless Tenant renews the Lease for one or more successive Lease Years as hereinabove provided.

2. Accept the Premises in their present condition "AS IS," the Premises being currently suitable for Tenant's intended Use.

3. Obey all laws, ordinances, orders, and rules and regulations applicable to the use, condition, and occupancy of the Premises, including the rules and regulations of the Shopping Center adopted by Landlord.

4. Pay monthly, in advance, on the first day of the month, the Base Rent and Tenant's Pro Rata Share to Landlord at Landlord's Address.

5. Pay, as additional Rent, all other amounts due under this Lease.

2

DALLAS:38246/23552:1309603v1

6. Pay a late charge of 5 percent of any Rent not received by Landlord by the tenth day after it is due.

7. Obtain and pay for all utility services used by Tenant and not provided by Landlord.

8. Pay Tenant's Pro Rata Share of any utility services used by Tenant and provided by Landlord.

9. Allow Landlord to enter the Premises to perform Landlord's obligations and inspect the Premises, provided, however, that except in an emergency, Landlord shall not enter the Premises outside of Tenant's operating hours without accompaniment from an owner or designee of Tenant.

10. Repair, replace, and maintain any part of the Premises that Landlord is not obligated to repair, replace, or maintain, normal wear excepted.

11. Keep the sidewalks, service ways, and loading areas adjacent to the Premises clean and unobstructed.

12. Repair any damage to the Premises caused by Tenant.

13. Submit in writing to Landlord any request for repairs, replacement, and maintenance that are the obligations of Landlord.

14. Indemnify, defend, and hold Landlord harmless from any loss, attorneys' fees, court and other costs, or claims arising out of Tenant's use of the Premises.

15. Vacate the Premises on termination of this Lease.

16. On request, execute an estoppel certificate that states the Commencement Date and Termination Date of the Lease, identifies any amendments to the Lease, describes any rights to extend the Term or purchase rights, lists defaults by Landlord, and provides any other information reasonably requested.

**B.    Tenant agrees not to—**

1. Use the Premises for any purpose other than that stated in this Lease.

2. Create a nuisance.

3. Interfere with any other tenant's normal business operations or Landlord's management of the Shopping Center.

4. Permit any waste.

5. Use the Premises in any way that is extra hazardous, would increase insurance premiums, or would void insurance on the Shopping Center.

6. Change Landlord's lock system.

3

DALLAS:38246/23552:1309603v1

7.   Alter the Premises.

8.   Allow a lien to be placed on the Premises.

9.   Assign this Lease or sublease any portion of the Premises *without* Landlord's written consent.

10.  Use the roof on the Premises.

11.  Place any signs on the Premises without Landlord's written consent.

**C.   Landlord agrees to—**

1.   Lease to Tenant the Premises for the entire Term beginning on the Commencement Date and ending on the Termination Date unless Tenant renews this Lease for one or more successive Lease Years as hereinabove provided.

2.   Obey all laws, ordinances, orders, and rules and regulations applicable to the use, condition, and occupancy of the Shopping Center.

3.   Provide normal utility service connections to the Shopping Center.

4.   Repair, replace, and maintain the (a) roof, (b) foundation, (c) parking and Common Areas, and (d) structural soundness of the exterior walls, excluding windows and store fronts.

5.   Insure the Shopping Center against all risks of direct physical loss in an amount equal to at least 90 percent of the full replacement cost of the Shopping Center as of the date of the loss and liability; Tenant will have no claim to any proceeds of Landlord's insurance policy.

6.   Return the Security Deposit to Tenant, less itemized deductions, if any, within thirty days after the termination of this Lease.

**D.   Landlord agrees not to—**

1.   Interfere with Tenant's possession of the Premises as long as Tenant is not in default.

**E.   Landlord and Tenant agree to the following:**

1.   *Alterations.* Any physical additions or improvements to the Premises made by Tenant will become the property of Landlord. Landlord may require that Tenant, at termination of this Lease and at Tenant's expense, remove any physical additions and improvements, repair any alterations, and restore the Premises to the condition existing at the Commencement Date, normal wear excepted.

2.   *Abatement.* Tenant's covenant to pay Rent and Landlord's covenants are independent. Except as otherwise provided, Tenant will not be entitled to abate Rent for any reason.

4

9035676228

3.   *Release of Claims/Subrogation.* Landlord and Tenant release each other from any claim, by subrogation or otherwise, for any damage to the Premises, the Shopping Center, or personal property within the Shopping Center, by reason of fire or the elements, regardless of cause, including negligence of Landlord or Tenant. This release applies only to the extent that it is permitted by law, the damage is covered by insurance proceeds, and the release does not adversely affect any insurance coverage.

4.   *Casualty/Total or Partial Destruction*

a.   If the Premises are damaged by casualty and can be restored within ninety days, Landlord will, at its expense, restore the Premises to substantially the same condition that existed before the casualty. If Landlord fails to complete restoration within ninety days from the date of written notification by Tenant to Landlord of the casualty, Tenant may terminate this Lease by written notice to Landlord.

b.   If the Premises cannot be restored within ninety days, Landlord has an option to restore the Premises. If Landlord chooses not to restore, this Lease will terminate. If Landlord chooses to restore, Landlord will notify Tenant of the estimated time to restore and give Tenant an option to terminate this Lease by notifying Landlord within ten days. If Tenant does not terminate this Lease, the Lease will continue and Landlord will restore the Premises as provided in a. above.

c.   To the extent the Premises are untenantable after the casualty and the damage was not caused by Tenant, the Rent will be adjusted as may be fair and reasonable.

5.   *Condemnation/Substantial or Partial Taking*

a.   If the Premises cannot be used for the purposes contemplated by this Lease because of condemnation or purchase in lieu of condemnation, this Lease will terminate.

b.   Whether or not any portion of the Premises is taken by condemnation or purchase in lieu of condemnation, Landlord and Tenant may elect to terminate this Lease if 50 percent or more of the Common Area is taken.

c.   If there is a condemnation or purchase in lieu of condemnation and this Lease is not terminated, Landlord will, at Landlord's expense, restore the Premises, and the Rent payable during the unexpired portion of the Term will be adjusted as may be fair and reasonable.

d.   Tenant will have no claim to the condemnation award or proceeds in lieu of condemnation.

6.   *Default by Landlord/Events.* Defaults by Landlord are failing to comply with any provision of this Lease within thirty days after written notice and failing to provide Essential Services to Tenant within ten days after written notice.

5

7.     *Default by Landlord/Tenant's Remedies.* Tenant's remedies for Landlord's default are to sue for damages and, if Landlord does not provide an Essential Service for thirty days after default, terminate this Lease.

8.     *Default by Tenant/Events.* Defaults by Tenant are (a) failing to pay timely Rent, (b) abandoning or vacating a substantial portion of the Premises, and (c) failing to comply within ten days after written notice with any provision of this Lease other than the defaults set forth in (a) and (b) above.

9.     *Default by Tenant/Landlord's Remedies.* Landlord's remedies for Tenant's default are to (a) enter and take possession of the Premises, after which Landlord may relet the Premises on behalf of Tenant and receive the rent directly by reason of the reletting, and Tenant agrees to reimburse Landlord for any expenditures made in order to relet; (b) enter the Premises and perform Tenant's obligations; and (c) terminate this Lease by written notice and sue for damages. Landlord may enter and take possession of the Premises by self-help, by picking or changing locks if necessary, and may lock out Tenant or any other person who may be occupying the Premises, until the default is cured, without being liable for damages.

10.     *Default/Waiver/Mitigation.* It is not a waiver of default if the nondefaulting party fails to declare immediately a default or delays in taking any action. Pursuit of any remedies set forth in this Lease does not preclude pursuit of other remedies in this Lease or provided by law. Landlord and Tenant have a duty to mitigate damages.

11.     *Security Deposit.* If Tenant defaults, Landlord may use the Security Deposit, if any, to pay arrears of Rent, to repair any damage or injury, or to pay any expense or liability incurred by Landlord as a result of the default.

12.     *Holdover.* If Tenant does not vacate the Premises following termination of this Lease, Tenant will become a tenant at will and must vacate the Premises on receipt of notice from Landlord. No holding over by Tenant, whether with or without the consent of Landlord, will extend the Term.

13.     *Alternative Dispute Resolution.* Landlord and Tenant agree to mediate in good faith before filing a suit for damages.

14.     *Attorney's Fees.* If either party retains an attorney to enforce this Lease, the party prevailing in litigation is entitled to recover reasonable attorney's fees and court and other costs.

15.     *Venue.* Venue is in the county in which the Premises are located.

16.     *Entire Agreement.* This Lease, together with the attached exhibits and riders, is the entire agreement of the parties, and there are no oral representations, warranties, agreements, or promises pertaining to this Lease or to any expressly mentioned exhibits and riders not incorporated in writing in this Lease.

17.     *Amendment of Lease.* This Lease may be amended only by an instrument in writing signed by Landlord and Tenant.

6

9035676228

18. *Limitation of Warranties.* THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY, OF FITNESS FOR A PARTICULAR PURPOSE, OR OF ANY OTHER KIND ARISING OUT OF THIS LEASE, AND THERE ARE NO WARRANTIES THAT EXTEND BEYOND THOSE EXPRESSLY STATED IN THIS LEASE.

19. *Notices.* Any notice required or permitted under this Lease must be in writing. Any notice required by this Lease will be deemed to be delivered (whether actually received or not) when deposited with the United States Postal Service, postage prepaid, certified mail, return receipt requested, and addressed to the intended recipient at the address shown in this Lease. Notice may also be given by regular mail, personal delivery, courier delivery, facsimile transmission, or other commercially reasonable means and will be effective when actually received. Any address for notice may be changed by written notice delivered as provided herein.

20. *Use of Common Areas.* Tenant will have the nonexclusive right to use the Common Areas subject to such reasonable rules and regulations governing use as Landlord may prescribe.

21. *Abandoned Property.* Landlord may retain, destroy, or dispose of any property left on the Premises at the end of the Term.

**LANDLORD:**

EDOM CORNER, LLC,
a Texas limited liability company

By:_____
Ann Thornton Berry, Member

By:_____
Earl A. Berry, Jr., Member

**TENANT:**

IT'S THE BERRYS, LLC,
a Texas limited liability company

By:_____
Mary Ellen Malone, Member

7